## IN THE MATTER OF THE ESTATE OF NICHOLAS A. DEN, Deceased.

RULE FOR COMPUTING INTEREST.—The rule for computing interest where partial payments have been made, is that where the partial payment exceeds the amount then due for interest, the principal sum and interest shall be added together, and the payment deducted, and the remainder will bear interest until the next payment. But if the interest, due at the time of a partial payment, exceeds the amount paid, the payment shall be credited on the accrued interest, and the balance of unpaid interest shall be added to the interest afterwards accruing until the next payment.

IDEM.—The rule of law, except in certain special equitable cases, is that interest shall not be compounded unless in accordance with the stipulations of the contract between the parties.

APPEAL from the Probate Court of Santa Barbara County.

L. T. Burton was the creditor of the estate of Nicholas A. Den, deceased, mentioned in the opinion of the Court, and he appealed.

The other facts are stated in the opinion of the Court.

*Eugene Liés*, for Appellant.

The ruling of the Court below which is brought under review on this appeal, is little justified by principle or authority. Under it, a few more payments of interest alone would discharge the debt without the payment of any portion of the principal. (*Stoughton* v. *Lynch*, 2 Johns. Ch. 213.)

*Charles E. Huse*, for Respondent.

By the Court, CROCKETT, J.:

The appellant is a creditor of the estate of Nicholas A. Den, deceased, upon a promissory note for four thousand dollars, made by the testator in his lifetime, bearing interest at the rate of two per cent per month. The claim was duly presented to and allowed by the executors and by the Probate Judge, at which time there was due for principal the sum of four thousand dollars, and for interest accrued the sum of two thousand seven hundred and twenty dollars. Subsequently, the executors made a partial payment of one thousand five hundred dollars on the claim. In the course of the administration, the Court, with a view to the distribution of certain funds amongst the creditors, required the executors to report a list of the outstanding claims against the estate. In performing this duty, the executors reported the amount then due to the appellant to be the sum of eleven thousand nine hundred and twenty-two dollars and sixty-seven cents; but on its being suggested to the Court that this sum exceeded the amount justly due, referees were appointed to ascertain and report the correct amount. In the order appointing the referees, they were instructed to compute the interest on the principal sum at the stipulated rate from the date of the note to the time of their report, and to compute the interest at the same rate on the payment of one thousand five hundred dollars, and to deduct said payment and the interest on it from the principal sum and interest; and that the balance remaining would be the amount due.

In conformity with this order, the referees reported the amount due to be eight thousand nine hundred and twenty dollars. The report was confirmed, and a decree entered distributing the fund in hand and awarding to the appellant his proportion of it, on the basis that the whole amount due to him was the sum reported by the referees. The appellant excepted not only to the instructions given to the referees, but also to the decree for distribution, and assigns for error on this appeal that the computation of interest was made on

an erroneous basis; and this is the only question for our decision.

The Probate Court was in error in its instructions to the referees. The rule for computing interest, when partial payments have been made, is well established. If the partial payment exceeds the amount then due for interest, the principal sum and interest should be added together, and the payment deducted, and the remainder would bear interest until the next payment. But if the interest due at the time of a partial payment exceeds the amount paid, the payment should be credited on the accrued interest, and the balance of unpaid interest should be added to the interest afterwards accruing until the next payment; and so on successively with each payment. By this mode of computation no interest is computed on the accrued interest, it being a rule of law that interest shall not be compounded unless by stipulation of the contract, or in certain exceptional cases wherein a Court of equity may order the interest to be computed with rests. (2 Parsons on Cont. 147; *Stoughton* v. *Lynch*, 2 Johns. Ch. 209; *Williams* v. *Houghtaling*, 3 Cow. 86, and note; *Hosack* v. *Rogers*, 9 Paige, 461.)

Upon a proper computation, made on the basis indicated above, there appears to have been due to the appellant at the date of the decree the sum of ten thousand four hundred and twenty-five dollars and thirty-three cents, whereas the Court adjudged it to be only the sum of eight thousand nine hundred and twenty dollars.

Judgment reversed, and cause remanded for further proceedings, in accordance with this opinion.