Elizabeth F. DeLeuw *et al.*

*v.*

Jonathan Neely.

1. CHANCERY—*effect of a decree pro confesso.* A decree *pro confesso* only concludes a party as to the averments in the bill, and does not amount to a confession of any fact not alleged in it.

2. SAME—*decree can not be rendered for that which is neither alleged nor shown to exist.* On a bill to foreclose a mortgage in which there is no allegation or prayer in regard to taxes, and where there is no proof that there are any unpaid taxes on the premises, it is error to decree a sale with directions to the master to apply any of the proceeds of such sale to the payment of any unpaid taxes which are a lien on the premises.

3. MASTER IN CHANCERY. The court has no authority, in a decree of foreclosure of a mortgage, to invest the master in chancery with power, in the nature of judicial duties, to adjudicate upon the amount or legality of such taxes as he may discover on the collector's book against the mortgaged premises. These are strictly judicial questions, and can only be settled by the court, whilst the duties of the master in chancery are strictly of a ministerial character.

4. FORECLOSURE OF MORTGAGE—*decree may cover taxes paid by mortgagee.* Where it is alleged, in a bill to foreclose a mortgage, that the mortgagee has paid taxes assessed on the mortgaged property, to protect his security, it is competent, under a prayer for general relief, for the court to decree relief as to such taxes.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. OSCAR A. DeLEUW, for the plaintiffs in error.

Messrs. DUMMER & BROWN, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to foreclose a mortgage. One objection taken to the decree, we think, must be sustained.

A sale of the premises was decreed, with directions to apply the proceeds, first, to the payment of costs of suit and the sale and any unpaid taxes which are a lien on the premises,

and second, to the liquidation of the sum of money adjudged to the complainant, with interest.

The report of the special master shows a sale of the premises for cash, and also, that the amount for which he made the sale includes the sum of $45.40, stated to be unpaid taxes on the mortgaged premises. The report was approved by the court.

The bill contained no allegation or prayer in regard to taxes, and hence it is insisted that part of the decree which provides for the payment of " unpaid taxes " is unwarranted.

The record shows the decree was rendered *pro confesso,* as to Elizabeth F. DeLeuw. She was the owner of the mortgaged premises, and it is her interests that will be most materially affected by the decree.

The practice is well settled in this State, that a decree *pro confesso* only concludes a party as to the averments in the bill, and does not amount to a confession of any fact not 'alleged in it. *Gault* v. *Hoagland,* 25 Ill. 268 ; *Wing* v. *Cropper,* 35 ib. 256.

The bill contains no allegation as to " unpaid taxes," nor is there anything in the record that shows there were any such taxes which were or could be a lien on the mortgaged premises. It is not perceived how the court could render a decree for that which is neither alleged nor shown to exist. It will not do to say the special master could, by the examination of witnesses, or otherwise, ascertain whether there were " unpaid taxes," and whether the same would constitute a valid lien on the premises. His duties are strictly of a ministerial character. The court has no authority to invest him with power, in the nature of judicial duties, to adjudicate upon the amount or legality of such taxes as he may discover on the collector's books. These are strictly judicial questions, and can only be settled by the court.

It may be the taxes for which the property has been sold had, in fact, been paid by the mortgagors and not credited, and thus only an apparent lien. Or, they may have been ille-

gally assessed, and hence neither the land nor the mortgagors liable therefor.　The power to adjust these questions can not be delegated to a special master appointed to make the sale.

Had it been alleged in the bill the mortgagee had paid taxes assessed on the property to protect his security, then, under a prayer for general relief, it would have been competent for the court to decree relief.　But that is not this case. The mortgagee has not claimed by his bill, or otherwise, that he ever paid any taxes assessed on the property, and until he has discharged such taxes he need not concern himself about them.　It has never been held to be proper, so far as we are advised, for the court to adjudge that taxes which may accrue after decree can be ascertained by the master, and paid out of the proceeds of the sale of the mortgaged premises.　Such a decree would be manifestly unjust, and might subject the mortgagors to great hardships.

This view of the case will render it unnecessary to consider the other objections taken to the decree.

For the error indicated, the decree will be reversed and the cause remanded.

*Decree reversed.*