[In Bank.—January 29, 1883.]

## SAVINGS AND LOAN SOCIETY, RESPONDENT, v. A. E. HORTON ET AL., LEVI CHASE, APPELLANT.

MORTGAGE FORECLOSURE—DEFAULT—JUDGMENT.—A judgment by default in a foreclosure suit cannot be entered for a larger amount than the complaint shows to be due.

INTEREST—COMPOUNDING.—Compound interest can only be allowed as provided for by § 1919 of the Civil Code.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are sufficiently stated in the opinion of the court.

*Rhodes & Barstow, George N. Williams,* and *Levi· Chase,* for Appellant.

*A. N. Drown,* for Respondent.

PER CURIAM.—Plaintiff filed a complaint to foreclose a mortgage executed by the defendant, and no defense having been interposed, a default decree was entered in the case. On this appeal it is urged that the decree was for a larger amount than the complaint shows to have been due, and we think the point is well taken. Computing the interest claimed in the complaint, and adding thereto payments alleged to have been

made by the mortgagee for taxes, it appears that the decree is for a larger sum than results from such computation.

It is contended by respondent that the difference may be accounted for by proof of payments made by the mortgagee in the shape of taxes and insurance on the mortgaged premises, after suit brought, but this assumption will not support the decree.

" A decree *pro confesso* only concludes a party as to the averments in the bill, and does not amount to a confession of any fact not alleged in it." (*De Leuw* v. *Neely,* 71 Ill. 473); and the same rule is found in § 580, Code Civ. Proc.

The attention of the court below is directed to § 1919 of the Civil Code in computing interest upon the interest which is not punctually paid. That section declares that the parties may agree that it shall become a part of the principal, *and thereafter bear the same rate of interest as the principal debt.* This appears to us to be the limit.

Judgment reversed and cause remanded.

THORNTON, J., and MYRICK. J., dissented.

Petition for a rehearing denied.