[No. 8,825.  Department Two. — July 18, 1884.]

SIDNEY DEAN, RESPONDENT, v. JOHN APPLEGARTH,
APPELLANT.

FORECLOSURE OF MORTGAGE—PROMISSORY NOTE—OPTION OF PAYEE.—A prom-
issory note secured by mortgage provided for payment of the interest monthly,
and that in default of such payment, the entire unpaid balance of the principal
sum should, at the option of the payee, become due and payable. *Held*, that in
case of the failure of the maker to pay the interest as agreed, the option of the
payee must be expressed by some notice to the maker before advantage can be
taken of the defendant.

ID.—INTEREST—CONTRACT FOR INCREASED INTEREST AFTER MATURITY OF NOTE.
—Under the provisions of section 1919 of the Civil Code, a note cannot be made
to bear interest upon unpaid interest at a greater rate than that agreed upon for
the principal debt.

APPEAL from a judgment of the Superior Court of the county
of Merced.

The facts appear in the opinion of the court.

*W. S. Goodfellow*, and *E. Jackman*, for Appellant.

*J. K. Law*, for Respondent.

THORNTON, J.—This cause was instituted for the foreclosure
of a mortgage made to secure a note.

It is contended by the appellant (mortgagor) that the court
below allowed the plaintiff a greater sum than he was entitled
to have.

The note was for one thousand two hundred and fifty dollars,
and payable one year after date, with interest at the rate of one
per cent per month, payable monthly in advance, and it was
agreed, as set forth in the note, that in case default should be
made in the payment of any of the interest as stated above, that
such installment or payment thus in default shall bear interest
from the day of maturity until payment, at the rate of two per
cent per month, compounding monthly, and at any time during
such default, the entire unpaid balance of the principal sum
should, at the option of the holder of the note, and not otherwise,
become due and payable, of which election notice was expressly
waived, and the principal sum so due and payable, should bear
interest thereafter at the rate of two per cent per month, com-
pounding monthly, until paid.   By the provisions of the mort-

gage, on default in paying interest, all the moneys so secured by the mortgage should become due and payable at the option of the mortgagee and not otherwise.

It will thus be seen that on default all the moneys secured by the mortgage only became due and payable at the option of the mortgagee, and not otherwise; that is, they did not become due until an option was made by the mortgagee.

It does not appear from any averment in the complaint or otherwise, that any option was made or manifested in any way by the plaintiff (mortgagee) prior to the commencement of the action. This option must have been exercised and manifested in some way by the plaintiff before it could have effect. It was not intended that this option should rest in the undisclosed intention of the plaintiff, or be made by a mere secret unmanifested intention in the mind of the mortgagee or holder of the note. The provision by which the plaintiff was relieved from giving notice to the maker of the note, of such option, was not inserted to enable him to make the moneys secured become due by a secret, unmanifested, mental state in the mortgagee. The giving notice of his election was not the only way in which this election might have been disclosed. He (the plaintiff) might have brought his action to foreclose immediately on default, and this would have been a sufficient election. Or, though he was not required to give notice of such election, he might, notwithstanding, have given such notice, either orally or in writing, and it would have had the effect to make all the moneys referred to due and payable.

When the action was commenced on the 9th of December, 1881, the note by its terms had become due, and then the provision as to the interest on the principal sum compounding monthly did not apply. This provision as to the compounding of the interest on the principal sum was only intended to have operation when, after default in the payment of an installment of interest, and before the principal sum had matured, the plaintiff elected to have the principal become due, so that he might bring his action at once to foreclose. It was entirely unnecessary, when the note matured, for when that day arrived, the principal sum as well as all other moneys secured, became due, whether the plaintiff so elected or not. The law produced

that result, and neither plaintiff nor defendant under the contract could have it otherwise.

As to the interest on interest in default, when default was made in the payment of any monthly installment, it had become due and payable. No election was required to make that so. The plaintiff under the contract had a right to have such installment unpaid, bear interest. But it cannot be made to bear interest at a rate greater than that borne by the principal debt (Civ. Code, § 1919), which in this case is one per cent per month. This is the construction placed on section 1919 of the Civil Code, in *Savings and Loan Society* v. *Horton*, 63 Cal. 105. The section 1918 of the Civil Code is limited by section 1919. The latter section applies specifically to agreements to pay interest on interest, and its particular words cannot be controlled by the general language of the preceding section, which refers to a different subject, and can have full application without affecting the provisions of the section which follows it.

The counsel fees should, by the contract, have been allowed at the rate of ten per cent on the amount found to be due by the mortgagor to the plaintiff.

The court allowed more interest than it should have, and as it thus found and decreed a sum larger than should have been allowed, and the allowance for counsel fees was greater than agreed on in the mortgage, and as the appellant asks only for a modification of the judgment appealed from, the cause is therefore remanded to the court below, with directions to modify its judgment in accordance with what is laid down in this opinion, as of the date the judgment appealed from was entered; and when thus modified and entered, the judgment will stand affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.