[L. A. No. 178.   Department One.—August 18, 1896.]

## H. J. FINGER, RESPONDENT, *v.* SUSAN McCAUGHEY, ADMINISTRATRIX, ETC., APPELLANT.

NOTE AND MORTGAGE—AGREEMENT FOR INTEREST—RETROACTIVE INCREASE OF RATE—COMPOUNDING—CONSTRUCTION OF CONTRACT.—An agreement in a note secured by mortgage for interest from date at the rate of ten per cent per annum, provided that if the note is not paid at maturity it shall bear interest at the rate of twelve per cent per annum from its date until paid, is valid and binding as to the increase of rate contingent upon nonpayment, but a stipulation in the note that if the interest is not paid at the end of a year from date, it shall become part of the principal, and bear twelve per cent interest per annum, relates only to the compounding of the first year's interest, but not afterward.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. B. COPE, Judge.

The facts are stated in the opinion.

*W. S. Day,* and *Thomas McNulta,* for Appellant.

The attempt to increase the interest on breach, and to have such increase relate back to the date of the note, is really a penalty and void. (Civ. Code, sec. 1670.) This note only provides for the compounding of the interest for the first year, and consequently no subsequent interest can be compounded. But it provides for a different rate than that specified for the principal, and is therefore void, and precludes anything but simple interest at the rate of ten per cent per annum. (Civ. Code, secs. 1918, 1919; *Savings etc. Soc.* v. *Horton,* 63 Cal. 105; *Dean* v. *Applegarth,* 65 Cal. 391.)

*C. A. Storke,* for Respondent.

The point that the "note is peculiarly worded, and can support no judgment other than one for the principal, with ten per cent interest thereon from date," has been decided adverse to the contention of appellant in *Thompson* v. *Gorner,* 104 Cal. 170; 43 Am. St. Rep. 81.

BRITT, C.—Foreclosure of a mortgage made by George McCaughey on June 6, 1889, to secure his note of same date in plaintiff's favor for the principal sum of five hundred dollars, payable February 6, 1890, which note contained a clause respecting interest as follows: "With interest from date at the rate of ten per cent per annum, provided this note is paid at maturity, but, if not paid at maturity, then it shall bear interest at the rate of twelve per cent per annum from its date until paid, and, if the interest is not paid at the end of one year from date, it shall become a part of the principal and bear twelve per cent interest per annum." George McCaughey died on March 1, 1890, and the defendant became his administratrix; the demand of plaintiff, founded on said note and mortgage, was duly allowed as a claim against the estate of said deceased "for the sum of five hundred dollars and the interest due or to become due thereon, at the rate of twelve per cent per annum." Judgment of foreclosure and sale was rendered March

11, 1895; the court declaring that there was then due to plaintiff, as principal and interest of his debt, the sum of $783.10. In ascertaining this amount the interest was compounded at twelve per cent per year from date of the note, with annual rests, giving credit for a payment of $150 made October 18, 1893. Defendant made no contest in the court below.

Appellant argues that only simple interest at ten per cent per annum was collectible on the note; that "the attempt to increase the rate of interest on breach, and to have such increase relate back to the date of the note, is a penalty and void under section 1670 of the Civil Code." We differ with appellant; in this state the rate of interest agreed upon in writing must be allowed according to the terms of the agreement until the entry of judgment (Civ. Code, sec. 1918); and it is competent for the parties to agree upon an increased rate contingent upon nonpayment of either principal or interest when due (*Thompson* v. *Gorner*, 104 Cal. 168; 43 Am. St. Rep. 81); we see no substantial ground for distinguishing this case from that. But in such a contract the right to compound interest must find support in the terms employed by the parties; and the stipulation in this note that if the interest is not paid at the end of one year from date it should become part of the principal and bear interest, looks to the compounding of the interest accruing to June 6, 1890, but not afterward. (See Civ. Code, sec. 1919; *Doe* v. *Vallejo*, 29 Cal. 385; *Estate of Den*, 35 Cal. 692; *Dean* v. *Applegarth*, 65 Cal. 393.) It follows that the judgment for $783.10, principal and interest, was too great by $40.20, and should be modified accordingly. Several other points are made by appellant, but we do not find them sufficiently meritorious to require discussion. The sum of forty dollars and twenty cents should be deducted from the amount found to be due the plaintiff, and thus modified the judgment should be affirmed, without costs to appellant.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the sum of forty dollars and twenty cents is deducted from the amount found to be due the plaintiff, and thus modified the judgment is affirmed without costs to appellant.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.