[L. A. No. 165.   Department One.—April 23, 1897.]

U. YNDART, RESPONDENT, v. N. C. DEN ET AL., APPELLANTS.

COMPOUND INTEREST—CONSTRUCTION OF CODE—LIMITATION OF RATE—NOTES AND MORTGAGES.—Under section 1919 of the Civil Code, it is not competent for the parties to any contract in writing, whereby any debt is secured to be paid, to contract that interest upon interest shall be fixed beyond the rate to be borne by the principal; and deferred installments of interest upon notes and mortgages, securing the same, cannot be made to bear a greater rate of interest than the principal debt.

ID.—ILLEGAL CONTRACT—EXCLUSION OF COMPOUND INTEREST.—A contract embodied in notes and mortgages securing the same, that deferred installments of interest shall bear interest at a higher rate than that borne by the principal, is wholly illegal and void; and, in such case, no lawful contract for compound interest can be implied, and no compound interest can be allowed upon the foreclosure of the mortgage.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   W. B. COPE, Judge.

The facts are stated in the opinion.

*Boyce, Taggart & Kellogg*, for Appellants.

The deferred installments of interest cannot bear a greater rate of interest than the principal debt. (Civ. Code, sec. 1919; *Savings etc. Soc.* v. *Horton*, 63 Cal. 105; *Dean* v. *Applegarth*, 65 Cal. 391.) If interest is allowed on deferred installments by implication it must be limited to the legal rate. (*Montgomery* v. *Tutt*, 11 Cal. 307, 316; *Doe* v. *Vallejo*, 29 Cal. 385, 392; *Talcott* v. *Marston*,

3 Minn. 339; *Daniels* v. *Ward*, 4 Minn. 168; *Newell* v. *Houlton*, 22 Minn. 19; *Gower* v. *Carter*, 3 Iowa, 244; 66 Am. Dec. 71; *Brown* v. *Maulsby*, 17 Ind. 10; *Brockway* v. *Clark*, 6 Ohio, 45; *Selser* v. *Brock*, 3 Ohio St. 302; *Lafayette Ben. Soc.* v. *Lewis*, 7 Ohio, 80.) The penalty clauses in the notes are void, as the agreement which the parties are authorized to make is limited by statute, and any stipulation for an excessive rate is void. (Civ. Code, sec. 1919.) Only by an express contract to that effect can a higher rate of interest be recovered than the legal rate. (*Crosby* v. *McDermitt*, 7 Cal. 146; *Matter of Estate of Den*, 35 Cal. 692; *Goldsmith* v. *Sawyer*, 46 Cal. 209; *Selleck* v. *French*, 1 Conn. 32, 6 Am. Dec. 185, note 188.) While the recovery of compound interest may be fixed by contract, yet in the absence of an express stipulation to that effect, it will not be implied. (*Aspinwall* v. *Blake*, 25 Iowa, 319; *Stoner* v. *Evans*, 38 Mo. 461; *Van Husan* v. *Kanouse*, 13 Mich. 302; *Young* v. *Hill*, 67 N. Y. 162; 23 Am. Rep. 99; *Williamsburgh Sav. Bank* v. *Solon*, 136 N. Y. 480; *Von Hemert* v. *Porter*, 11 Met. 210; *Levens* v. *Briggs*, 21 Or. 333.)

*Richards & Carter*, for Respondent.

The parties had the right to contract for interest upon the unpaid interest installments. It was the stipulated compensation for money due plaintiff, and detained from him, and for plaintiff's forbearance, and, therefore, " interest" as defined by the code. (Civ. Code, sec. 1915.) Parties may agree in writing for the payment of any rate of interest, and it shall be allowed according to the terms of the agreement, until the entry of judgment. (Civ. Code, sec. 1918.) The interest upon interest was not in the nature of a penalty. (*Finger* v. *McCaughey*, 114 Cal. 64; *Boyce* v. *Fisk*, 110 Cal. 112; *Thompson* v. *Gorner*, 104 Cal. 168; 43 Am. St. Rep. 81; *Coleman* v. *Commins*, 77 Cal. 554; *Camp* v. *Bates*, 11 Conn. 487.) Section 1919 of the Civil Code, which is taken bodily from the statutes of 1850 (1 Hittell's Gen. Laws, sec. 3858), was adopted for the single purpose of legalizing

compound interest. (See code commissioners' note to Civ. Code, commissioners' ann. ed., sec. 1919.) The most that can be claimed for the cases of *Savings etc. Soc.* v. *Horton*, 63 Cal. 105, and *Dean* v. *Applegarth*, 65 Cal. 391, is that they limit the rate of compound interest to the rate the principal bears. Only the excess can be treated as void, and, being severable from the valid part of the contract, all the court will do is to modify the judgment by rejecting this excess. (Civ. Code, sec. 1599; *Granger* v. *Original Empire etc. Co.*, 59 Cal. 679; *Jackson* v. *Shawl*, 29 Cal. 272; 27 Am. & Eng. Ency. of Law, p. 942; *Philadelphia R. R. Co.* v. *Lewis*, 33 Pa. St. 33; 75 Am. Dec. 574; *Baugher* v. *Nelson*, 9 Gill, 299; 52 Am. Dec. 694.)

CHIPMAN, C.—This is an appeal from the final judgment given in favor of the plaintiff upon foreclosure of certain four mortgages of real estate. The appeal is taken on the ground, as claimed in appellants' brief, that the clause in each of the notes, secured by the mortgages respectively, relating to interest was illegal and void, in attempting to give a penalty for nonpayment of interest; and that the decree is excessive, and for an amount beyond what the plaintiff was rightly entitled to recover.

One of the notes bears interest at ten per cent per annum, and three bear interest at eleven per cent per annum, payable in each case semi-annually. In each of said notes the following provision is found: "If any installment of interest be not paid when due, the amount of such installment shall bear interest at 20 per cent per annum from the time the same was due until paid; or at the option of the holder of this note, in default of payment of interest at the times herein provided, the whole sum, principal and interest, shall be due and payable."

Demurrer to the complaint was interposed and overruled, but defendants failed to answer, and their default was entered. No point is urged on the demurrer. The

notes were all past due when the action was commenced. Appellant contends:

1. The deferred installments of interest cannot bear a greater rate of interest than the principal debt; 2. If interest is allowed on deferred installments, by implication it must be limited to the legal rate; 3. If the penalty clause in the notes is void, no interest on deferred payments of interest can be recovered.

1. Appellant relies in support of his first contention upon the provision of section 1919 of the Civil Code, as construed in the case of *Savings etc. Soc.* v. *Horton*, 63 Cal. 105; and *Dean* v. *Applegarth*, 65 Cal. 391. It is claimed that these cases decide that it is not competent for the parties to contract that interest upon interest can be legally enforced or fixed beyond the rate to be borne by the principal. Section 1919 reads as follows: "The parties may, in any contract in writing whereby any debt is secured to be paid, agree that if the interest on such debt is not punctually paid, it shall become a part of the principal, and thereafter bear the same rate of interest as the principal debt."

It is replied by respondent to the point that the cases upon which appellant relies " do not seem to have been elaborately argued, or the question carefully considered, . . . . and we may consistently say that, if not directly overruled, they are rejected as barren." The question is an important one, and should be definitely settled if it has not been.

The case of *Savings etc. Soc.* v. *Horton, supra,* is not fully reported; the provisions of the note are not given, nor is the scope of the complaint stated; no synopsis of the briefs is given, nor are the facts stated in the opinion. The opinion is rendered *per curiam,* and two of the justices dissented, but upon what grounds does not appear. It was a default decree, and was reversed because in excess of the claim made in the complaint. The opinion concludes as follows: " The attention of the court below is directed to section 1919 of the Civil

Code in computing interest upon the interest which is not punctually paid. That section declares that the parties may agree that it shall become a part of the principal, *and thereafter bear the same rate of interest as the principal debt.* [Italics are in the report.] This appears to us to be the limit." There was a petition for rehearing denied.

It would seem fair to conclude that the note there in question at least provided for payment of interest upon interest at a rate greater than that fixed for the principal, but whether it provided also, as in the notes here in question, that the interest upon the interest was not to become a part of the principal, but to run independently of the interest on the principal, cannot be assumed.

The case of *Dean* v. *Applegarth, supra,* was more fully reported. The terms of the note are stated to be: "That the principal was to bear interest at one per cent per month, and it was agreed that in case default should be made in the payment of any of the interest as stated above, that such installment or payment thus in default should bear interest from the day of maturity until payment, at the rate of two per cent per month, compounding monthly." It was also provided that at any time during such default the entire unpaid balance of the principal sum should, at the option of the holder of the note, and not otherwise, become due and payable, and the principal sum so due and payable should bear interest thereafter at the rate of two per cent per month, compounding monthly until paid. When the action was commenced the note, by its terms, had become due, and it did not appear from the complaint that any option was made in any way by plaintiff (mortgagee) prior to the commencement of the action, at which time the note by its terms was due. As to the interest on the principal sum compounding at the increased rate of two per cent, the court said the provisions of the note did not apply because the option had not been exercised except by bringing the suit after the maturity of the note. The court said: "As to the interest on interest

in default, when default was made in the payment of any monthly installment, it had become due and payable. No election was required to make that so. The plaintiff under the contract had a right to have such installment unpaid bear interest. But it cannot be made to bear interest at a rate greater than that borne by the principal debt (Civ. Code, sec. 1919), which in this case is one per cent per month. This is the construction placed upon section 1919 of the Civil Code in *Savings etc. Soc. v. Horton, supra.* The section 1918 of the Civil Code is limited by section 1919. The latter section applies specifically to agreements to pay interest on interest, and its particular words cannot be controlled by the general language of the preceding section, which refers to a different subject, and can have full application without affecting the provisions of the section which follows it." The decision of the court below was reversed because more interest was allowed than should have been.

In the case in 63 California, *supra,* Mr. Justice Thornton and Mr. Justice Myrick dissented, but in the case in 65 California, *supra,* Mr. Justice Thornton delivered the opinion in which Mr. Justice Myrick concurred. We must, therefore, assume that the dissent in the earlier case was on other grounds, and that the point under discussion was presented in both cases and duly considered.

The provisions of the notes in the particular now being examined are apparently the same; in both cases the interest on the defaulted interest was to bear interest until paid at the increased rate, and was not by the terms of the notes to become part of the principal sum. The rule laid down in *Dean v. Applegarth, supra,* has stood unquestioned in this court since 1884, so far as I have been able to discover, until the case of *Thompson v. Gorner,* first decided in Department (Cal., April 19, 1894), 36 Pac. Rep. 434, and finally in Bank, 104 Cal. 168, 43 Am. St. Rep. 81, in which respondent claims a different rule was laid down. In the case

just referred to the note provided as follows: "With interest thereon (the principal sum) . . . . from the date hereof until paid, at the rate of eight per cent per annum, payable monthly in advance, and if said principal or interest is not paid as it becomes due it shall thereafter bear interest at the rate of one per cent per month." So far as the question here presented is concerned, the provisions of this note differ from the notes in the case at bar. The provision of the notes in this case is: " If any installment of interest be not paid when due, the amount of said installment shall bear interest at twenty per cent per annum from the time the same was due until paid" (the interest on the principal sum being ten per cent in one and eleven per cent in the others.)

In the case of *Thompson* v. *Gorner, supra,* the provisions were that "if said principal or interest is not paid as it becomes due it shall thereafter bear interest at the rate of one per cent per month." It is not entirely clear as to whether the additional interest is to be computed on defaulted interest or defaulted principal. The opinion in the Department was written by Mr. Commissioner Searls, and in Bank by Mr. Justice McFarland. A careful reading of both opinions will fail to disclose that interest upon interest was claimed or allowed. The court in Bank allowed "judgment for the amount of the principal and interest thereon from and after February 20, 1892, at one per cent per month." Interest had been paid at eight per cent up to that date and accepted by the plaintiff (the holder of the note), and the court held that acceptance of the interest was a waiver of any claim for additional interest prior to that time, but not as to the future.

It is to be observed, however, that neither the learned justice nor the learned commissioner referred to section 1919 of the Civil Code, nor to the case in 63 California, *supra,* nor the case in 65 California, *supra,* nor does it appear that the attention of either was called to that section in the briefs of counsel. " Plaintiff's points

and authorities were very meager, covering only one page and referring only to the question of penalty." (*Thompson* v. *Gorner*, 104 Cal. 170; 43 Am. St. Rep. 82, per McFarland, J.) I think if this case had been intended to overrule *Savings etc. Soc.* v. *Horton, supra*, and *Dean* v. *Applegarth, supra,* some mention of that fact would have been made, and if a new interpretation of section 1919 had been intended that fact would have been disclosed. Attention is also drawn by respondent to a recent opinion by Mr. Commissioner Britt in the case of *Finger* v. *McCaughey*, 114 Cal. 64.

In that case the note read: "With interest from date at the rate of ten per cent per annum, provided this note is paid at maturity, but if not paid at maturity, then it shall bear interest at the rate of twelve per cent per annum from its date until paid, and if the interest is not paid at the end of one year from date, it shall become a part of the principal and bear twelve per cent interest per annum."

In this case counsel for appellant called attention to section 1919 of the Civil Code, and to the cases in 63 and 65 California, *supra,* and claimed that by the terms of the note it precludes anything but simple interest at the rate of ten per cent per annum. Respondent cited *Thompson* v. *Gorner, supra,* as deciding adversely to appellants' contention. The learned commissioner said: "It is competent for the parties to agree upon an increased rate contingent upon nonpayment of either principal or interest when due" (citing *Thompson* v. *Gorner, supra*). We see no substantial ground for distinguishing this case from that; and the court gave compound interest for one year only at the increased rate of twelve per cent.

In both cases last above referred to the notes provided: 1. In the case of *Thompson* v. *Gorner, supra,* the provision was that if the principal or interest is not paid as it becomes due it shall thereafter bear interest at the rate of one per cent per month. The decree may well be assumed to have covered interest on the princi-

pal only.   2.  In the case of *Finger* v. *McCaughey, supra,*
the provision was interest from date at ten per cent per
annum, provided the note is paid at maturity, but if
not paid at maturity then it shall bear interest at twelve
per cent from its date until paid; and if the interest is
not paid at the end of one year from date, it shall be-
come part of the principal and bear twelve per cent in-
terest per annum.   I do not think that the precise
question decided in *Savings etc. Soc.* v. *Horton, supra,*
and *Dean* v. *Applegarth, supra,* is necessarily involved in
either one of the two later cases just examined, nor do
I think that the provisions of the notes in these two
later cases are the equivalent of the provisions of the
notes now before us.

In the two later cases it may well be said that upon
the contingency named—nonpayment of principal when
due—it, the principal, shall bear the increased rate of
interest.   It is a part of the contract as to payment of
the principal, and it is as much to be regarded as the
part relating to the lower rate; both rates are given, one
to be in one event and the other in another.   But in
the case before us it is the defaulted interest that must
bear the increased rate, while the rate on the principal
remains unaffected and unchanged.   Now it was exactly
this provision in *Dean* v. *Applegarth, supra,* that the
court said was prohibited by section 1919.   " This sec-
tion," said the court, " applies specifically to agreements
to pay interest on interest, and its particular words can-
not be controlled by the general language of the preced-
ing section, which refers to a different subject," etc.

It will be noticed that if the construction given to
the note in *Finger* v. *McCaughey, supra,* be correct, that
the principal by its terms bore twelve per cent per an-
num, then it is not obnoxious to this section, for the
defaulted interest was to bear only twelve per cent, and
this the section expressly permitted to be done.   The
section is not designed to restrict the rate of interest
that may be agreed upon as to the principal—this has
no limit (sec. 1918)—but it is aimed at rates of interest

greater than those fixed for the principal to bear, and declares that the parties may agree that if the interest is not punctually paid, it may become a part of the principal, and thereafter (not before) may bear the same rate of interest (no more) as the principal debt.

The respondent calls attention to the fact that section 1919 is taken bodily from the statute of 1850 (1 Hittell's Gen. Laws, sec. 3858), and was adopted for the simple purpose of legalizing compound interest. (Citing the note of the code commissioners.) This need not be questioned. To say that when interest is not paid when due it shall become a part of the principal, and thereafter bear like interest with the principal— which is the usual form—is strictly within the section, and is compound interest. But to say that the principal shall bear ten per cent interest per annum, and, if not so paid, it—the interest—shall thereafter bear twenty per cent, is what is here attempted, but is what this court has said cannot be done as the law now stands. It is not a question as to penalties; it is a question as to the right to contract to this effect.

Section 1918 of the Civil Code provides that "parties may agree in writing for the payment of any rate of interest, and it shall be allowed, according to the terms of the agreement." But the legislature has placed this limit upon the power to agree as to interest, to wit: that the rate of interest upon interest, or compound interest, shall not be greater than that fixed upon the principal. Section 1918 presupposes an indebtedness which is the principal; as to that, any rate of interest, however extortionate or unconscionable, may be agreed upon by the parties (*Boyce* v. *Fisk*, 110 Cal. 107); but as to the interest yet to be earned, no rate of interest on that shall be still higher or any higher. Counsel for respondent, with much seeming force, say: "If section 1919 really forbids the placing of a higher rate on the interest than originally stipulated for the principal, unless, at the same time, the rate on the principal is increased, the two last referred-to decisions (meaning

*Savings etc. Soc.* v. *Horton, supra,* and *Dean* v. *Apple-garth, supra*), have confined its prospective power to technical operation upon one, and probably the least unconscionable, of a thousand and one devices to secure prompt payment of the compensation for the use of the money, or as damages for its detention, or for the cred-itor's forbearance, all of which devices, with this one solitary exception, are indorsed by the courts as legal and binding." The obvious reply to this is, that we have no concern with the law, except to rightly inter-pret it as we find it. If we have not yet reached the point in legislation to adopt laws against usury, and if we still permit agreements to be made for the payment of ten per cent per month, or any other unconscionable per cent per month interest on the money loaned, it would seem that a provision to limit the rate of interest that may be charged on the interest, to a point not in excess of that placed upon the principal, is at least hu-mane, if it is "a curtailment of the freedom to contract in reference to the use, forbearance, and detention of money granted by the preceding section," as suggested by respondent. Respondent further suggests that "the provision for interest upon interest represents more than compensation for the use or detention of the in-terest money; it is one of two obligations stipulated for to insure prompt payment, and obviate loss by delay, and thus imports a consideration outside what supports compound interest, and which brings it within the cate-gory of recognized subjects of unlimited contract be-tween lender and borrower."

But the code law embraces the whole subject of in-terest and must control it. There can be no such thing as unlimited contract between lender and borrower as to payment of interest outside these code provisions. The code says to the lender, you may exact unlimited interest on your loan, but on the interest to be earned you must keep within this limit. Our law is quite liberal to the creditor. We are reluctant to extend its liberality. We can well see how a borrower in his anxiety may agree

to almost any terms as to the interest on the interest, believing he will be able to avoid the default that may bring disaster upon him, but the legislature seems to have anticipated this prevalent weakness of the borrower, and has endeavored in a measure to shield him from his impetuosity. The legislature may also have considered that the lender who would part with his money for one per cent per month interest should be content to receive one per cent upon the accumulating interest; it may have considered that interest money is of no more worth than the principal. However this may be, with the policy of the law we can, as a court, have nothing to do.

2. Appellant claims further that if interest is allowed on deferred installments of interest by implication, it must be limited to the legal rate. He claims in his third point that the compound interest claimed being illegal there is no contract to pay any compound interest. To this respondent replies that the most that can be claimed for the cases of *Savings etc. Soc.* v. *Horton, supra,* and *Dean* v. *Applegarth, supra,* is that they limit the rate of compound interest to the rate the principal bears; that only the excess can be treated as void and be rejected.

In *Dean* v. *Applegarth, supra,* the court directed a modification of the judgment so that the compound interest should conform to the rate provided to be paid on the principal. Appellant assails this conclusion. He says: "The point was not dwelt upon, nor was the court's attention called to the fact that, if the provision in the note could not be upheld according to its terms, there was no provision for recovering interest at the same rate as that borne by the principal debt."

In order that the point now under discussion may be clearly understood, I will restate the provisions of one of the notes, and they are all alike in this particular: "With interest thereon in like gold coin from date until paid at the rate of ten per cent per annum, payable semi-annually at the end of each and every six months

from date.   If any installment of interest be not paid
when due, the amount of said installment shall bear in-
terest at twenty per cent per annum from the time the
same was due until paid."

In the case of *Doe* v. *Vallejo*, 29 Cal. 392, Mr. Justice
Sawyer, speaking for the court, said: " The only remain-
ing question is as to the interest.   The note was for
fifteen thousand dollars and interest at one and one-half
per cent per month; 'said interest to be due and pay-
able at the end of every six months.'   The interest was
not paid as it fell due, and the plaintiff claims that he
is entitled to interest on each installment of interest
from the time it fell due, by the terms of the contract,
till paid, at the rate of ten per cent per annum."

The statute then in force is found in Wood's Digest,
551 (act of March 13, 1850, to regulate interest on
money.)   Section 1 of that act is substantially the same
as section 1917 of the Civil Code.

Section 2 of that act is similar to section 1918 of the
Civil Code, only the code limits the agreed interest to
entry of judgment, while the old act gave the same in-
terest on the judgment that was given in the contract.
Section 3 of the act of 1850 is *verbatim* the same as
section 1919, Civil Code.

In *Doe* v. *Vallejo, supra,* the trial court did not allow
interest at the statutory rate of ten per cent upon the
accrued interest installments.   Mr. Justice Sawyer said:
"If section one contained the only provision upon the
subject, there would be great force in the position taken
·by the appellant, and—although there is some conflict on
the point—the authorities greatly preponderate in his
favor.   (Citing numerous cases.)

"But the third section of the statute, authorizing par-
ties to contract in writing for interest upon interest in
default of punctual payment, also bears upon the ques-
tion.   And this section has already been construed by
our predecessors to exclude interest after it falls due, un-
less expressly so agreed in writing.   (*Montgomery* v.
*Tutt*, 11 Cal. 316.)   The question in that case was pre-

cisely similar in principle to the one now under consideration"; and the judgment was affirmed in *Doe* v. *Vallejo, supra.*

A comparison of the notes here and the notes in *Doe* v. *Vallejo, supra,* will show no substantial difference as to payment of interest in the first part of the notes, and, as the law then and now is substantially the same, I see no escape from holding that there is no agreement to pay interest on the interest, without overruling *Doe* v. *Vallejo, supra,* unless the subsequent clause in the notes can be held to import an agreement to pay interest on interest. The notes do provide for payment of interest upon interest, but it is at a rate, as we have said, unauthorized by law. The question remains: Can this court find that any contract exists by implication or otherwise to pay interest upon interest at any rate? It seems to me the imperative logic of the contract is that the agreement to pay compound interest being illegal, there is no agreement at all to pay interest upon interest, and this court cannot make one for the parties. It must not be forgotten that there is a wide difference between interest upon money loaned and interest upon interest accrued. In the former case the law says when money is loaned it is presumed to be made upon interest. (Civ. Code, sec. 1914.) And, as we have seen, the rate of interest may be fixed by the parties without limit. (Civ. Code, sec. 1918.) But interest upon interest must be contracted for in writing, and in no case must bear a greater rate than that placed upon the principal debt. (Civ. Code, sec. 1919.)

Except in certain cases where courts of equity may order interest to be computed with rests, no interest is computed on the accrued interest, it being a rule of law that interest shall not be compounded unless by stipulation of the contract. (*Estate of Den,* 35 Cal. 692. And see cases cited, *supra.; Savings etc. Soc.* v. *Horton, supra; Dean* v. *Applegarth, supra; Montgomery* v. *Tutt, supra; Doe* v. *Montgomery, supra.*)

Recurring to *Finger* v. *McCaughey, supra,* Mr. Com-

missioner Britt, in the opinion, said: "But in such a contract the right to compound interest must find support in the terms employed by the parties; and the stipulation in this note [the note there in suit], that if the interest is not paid at the end of one year from date it should become part of the principal and bear interest, looks to the compounding of the interest accruing June 6, 1890, but not afterward." The note was dated June 6, 1889, and only one year of compound interest was allowed under the terms of the note.

This view makes any further discussion of appellant's third point unnecessary. My conclusion is that the decisions of this court in *Savings etc. Soc.* v. *Horton, supra,* and *Dean* v. *Applegarth, supra,* are neither "overruled," nor "rejected as barren," by any subsequent decisions, and that the decree in this case allows excessive interest, and that interest should be computed at the annual rate of ten and eleven per cent upon the respective notes, and that no interest can be compounded.

The respondent by the terms of the note had the option, upon default of payment of interest as provided, to declare the whole sum, principal and interest, to be due. The first note and mortgage was dated April 16, 1892, and six months thereafter he could have exercised his option. The other notes and the several mortgages given for their security came along later, and he had a like option as to each. He chose to wait until April 20, 1895, without manifesting any intention to avail himself of the option, and then only by suit, during all which time the notes were running and no payments either of principal or interest were made. Having failed to bring the defaulting makers of the notes to face their obligations may be unfortunate to the holder, but the consequences are the clear result of the contracts made, and he cannot reasonably complain. If he had adopted the almost universal formula of providing that the interest when due should become a part of the principal and thereafter bear like interest as the principal,

he would have brought himself exactly within the law and this case would never have come here.

I am, perhaps, not justified in having taken so much space to reach a conclusion, but the fact that the decision of this court of long standing was seriously assailed, and was claimed to have been recently overruled, seemed to demand that the question be placed beyond dispute.

As the only objection made to the decree is that excessive interest was allowed, I see no necessity for doing more than to direct a modification of the judgment, and we recommend that the cause be remanded, with directions to modify the decree in accordance with the views laid down in this opinion, as of the date the judgment appealed from was entered; and when thus modified and entered that the decree stand affirmed.

SEARLS, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the cause be remanded, with directions to modify the decree in accordance with the views laid down in this opinion, as of the date the judgment appealed from was entered; and when thus modified and entered the decree will stand affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.