# THEO. H. DAVIES & CO., LTD., *v.* F. M. WAKEFIELD.

## APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED MARCH 17, 1902.            DECIDED APRIL 23, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

In a suit in equity to foreclose a mortgage on real estate, the mortgagor and mortgagee being the only parties to the suit and the bill and answer being silent as to taxes delinquent, it is error for the court to decree that the taxes are a prior lien and must be paid first from proceeds of the sale of property.

OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff filed its bill in equity to foreclose mortgage with the usual allegations and prayer. The defendant appeared and confessed the bill and consented to a decree. An accounting was taken by the court and the amount due under the mortgage ascertained. The bill, and also the mortgage introduced in evidence, was silent as to taxes. The Tax Assessor of the district where the mortgaged premises are situated appeared at the accounting and advised the court that the taxes due on the land, amounting to $11.50, were delinquent. The court granted the prayer of the bill and found in addition thereto that the taxes due upon the land were a prior lien and must be paid first from the proceeds of the sale and decreed accordingly.

The plaintiff appealed and alleges error in the part of the decree finding that the taxes were a prior lien and ordering them paid first from the proceeds of sale, claiming that there was no allegation in the bill or answer relative to the taxes and that neither the Territory nor the Tax Assessor was a party to the suit and that there was no basis for such finding and decree.

It does not appear from the decree or the record whether the taxes are due from the interest of the mortgagor or mortgagee, or both, as provided for taxing mortgaged property. (Sec. 831, C. L.) It does appear that the Tax Assessor and the Territory of Hawaii were not parties to the suit and not being parties to the litigation, the rights of neither were affected by the decree. The decree authorized the sale of the interest of the mortgagor in the land. The lien on the land given for taxes (Sec. 822, C. L.) could not be changed or barred by the proceedings wherein the right of this lien was in no way litigated. The decree and sale thereunder could only affect the parties before the court.

It was said by this court that, "Our statute makes no difference between real and personal property in respect to the charge of the tax being upon the owner, at the date selected for the falling of the tax, * * * although the payment of the tax upon real estate is secured notwithstanding the sale or transfer of it, by attaching a liability to the real estate itself. The debt of the tax is still upon the owner." *Jones v. Norris*, 8 Haw. 71, 73.

If the plaintiff had wished to clear the land of the lien for taxes due from the mortgagor, assuming that one existed, it could have done so by proper allegations in the bill and proof at the accounting but in the absence of such allegations in the bill or answer the court on the suggestion of the Tax Collector, had no authority to introduce and embody this matter in the decree. Jones on Mortgages, Sec. 1597.

The decree must follow the pleadings and cannot go beyond the issue or issues made by them. It was said by the Supreme Court of New York, "The rule is explicit and absolute, that a party must recover in chancery according to the case made by his bill or not at all, *'secundum allegata'* as well as *'probata'*." *Bailey v. Ryder*, 10 N. Y. 363, 370.

The case of *DeLeuw, et al. v. Neely*, (71 Ill. 473) is practically identical with the case at bar in the facts, the decree and the error complained of. In that case the Supreme Court of Illinois reversed the decree and remanded the cause.

The decree appealed from is reversed and the cause remanded for such further proceedings as may be necessary consistent with the foregoing opinion.

*Smith & Parsons* for plaintiff.

No appearance for defendant.

