**ÆTNA LIFE INS. CO. v. GEHER.**

No. 6196.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1931.

Redman, Alexander & Bacon, of San Francisco, Cal., for appellant.

Charles A. Wetmore, Jr., and H. H. Linney, both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

■ This appeal is prosecuted from a judgment in favor of the beneficiary of three life insurance policies, with double indemnity provisions in the event of the death of the insured before the end of the endowment term. The case was tried to the court, a jury having been expressly waived. The issuance of the policies by the appellant company and delivery to its agents is admitted. It is also admitted that the policies were delivered by the agent to the beneficiary. The agent claims, however, that delivery was for inspection only, the premiums to be paid before the policies became effective. The beneficiary claims they were delivered without restriction. There is dispute between the agent and the beneficiary as to an understanding that the agent would make payment, he, the beneficiary claims, being indebted to the insured, and also over a claimed statement by the agent that he forwarded his check to the company in payment of the premiums. There is evidence in the record that both parties testified in support of their contentions. The trial court heard the evidence, observed the parties and manner of testifying, and found the policies to be effective. Upon the record we are bound by the findings of the trial court on the questions of fact. No special findings were made, nor were any requested.

Aside from the findings of the trial court upon the admitted facts as to delivery, section 1626 of the Civil Code of California provides: "A contract in writing takes effect upon its delivery to the party in whose favor it is made, or to his agent."

The Supreme Court of California, in Harrigan v. Home Life Ins. Co., 128 Cal. 531, 546, 58 P. 180, 182, 61 P. 99, said: "Our statute makes the rule of delivery as to written instruments the same as in regard to grants. (Section 1627, Civ. Code.)"

And in Hotaling v. Hotaling, 193 Cal. 368, 381, 224 P. 455, 460, 56 A. L. R. 734: "They invoke the rule that a grant cannot be held in escrow by the grantee, and that there can be no such thing as a delivery of a grant to the grantee conditionally."

In Berliner v. Travelers' Ins. Co., 121 Cal. 451, 454, 53 P. 922, 923, it was stated that: " * * * Possession of the policy by the insured or by the beneficiary is prima facie evidence of its delivery as such valid and subsisting contract."

In Farnum v. Phoenix Insurance Co., 83 Cal. 246, 252, 23 P. 869, 871, 17 Am. St. Rep. 233, it was said: "It seems to be settled by a controlling preponderance of authority that an express provision in a policy of insurance that the company shall not be liable on the policy until the premium be actually paid, is waived by the unconditional delivery of the policy to the assured as a completed and executed contract, under an express or implied agreement that a credit shall be given for the premium; and that in such case the company is liable for a loss which may occur during the period of the credit. * * * 'The fact that the insurer delivered to the insured the written contract as the consummated agreement between them, and did not then exact present payment of the premium, as a necessary precedent to delivery, was too plainly in contradiction with the condition for prepayment for it to be supposed that it was meant by the insurer, or supposed by either party, that it was intended to make that condition a potent part of the contract. * * * ' "

In Jurgens v. New York Life Ins. Co., 114 Cal. 161, 166, 45 P. 1054, 1056, 46 P. 386: "This question is also covered by the case of Griffith v. New York Life Ins. Co. [101 Cal. 627, 36 P. 113, 40 Am. St. Rep. 96], supra. It was there held that an express provision in the policy that the company shall not be liable until the premium is paid is waived by the unconditional delivery of the policy."

■■ The laws of the state of California entered into and became a part of the contract of insurance. Walker v. Whitehead, 16 Wall. (83 U. S.) 314, 21 L. Ed. 357. Restrictions and limitations contained in the policy must be determined by the laws of the state of the situs of the contract. Whitfield v. Ætna Life Ins. Co., 205 U. S. 489, 27 S. Ct. 578, 51 L. Ed. 895; Small v. Westchester Fire Ins. Co. (C. C.) 51 F. 789. "The laws of the several States * * * shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply." 28 USCA § 725. See Travis v. Jackson (D. C.) 26 F.(2d) 373.

The policies are what are termed "educational endowment policies," and by their terms the appellant agreed to pay $1,000 on each policy at the end of seventeen, eighteen, and nineteen years, respectively, from the date thereof. Appellant contends that the court may not rewrite the contracts for the parties; that they had a right to make their

own contracts; that under the contracts nothing has matured (citing Tatum v. Ackerman, 148 Cal. 357, 83 P. 151, 3 L. R. A. (N. S.) 908, 113 Am. St. Rep. 276, 7 Ann. Cas. 541; Landis v. Morrissey, 69 Cal. 83, 10 P. 258; Hulen v. Stuart, 191 Cal. 562, 217 P. 750); and that, being for payment of money, they will not support an action until due and payable according to the terms (citing, New York Life Ins. Co. v. English, 96 Tex. 268, 72 S. W. 58).

It was stipulated at the trial that proof of death was offered under each of the policies and that the appellant refused to furnish forms on which to make proof of death, claiming that the policies were not legally executed nor in force or effect at the time of the death of the insured. The present action, while predicated upon the policies, is an action for damages for breach of contract, the appellant having refused to recognize the policies as a valid legal and binding obligation. The appellee had a right to treat the renunciation as a breach, and her remedy was to sue for the present worth of the policies.

In 6 Cal. Jur. 458, it is said: "Where one party to an executory contract refuses to treat it as subsisting and binding upon him, or by his conduct shows that he has renounced it and no longer considers himself bound, there is, in legal effect, a prevention of performance by the other party. In such a case it can make no difference whether the contract has been partially performed or the time for performance has not yet arrived; nor is it important whether the renunciation be by declaration of the party that he will be no longer bound, or by conduct which clearly evinces that that determination had been reached and is being acted upon. * * * The real operation of a declaration of intention not to be bound appears to be to give the promisee the right of electing either to treat the declaration as brutum fulmen and, holding fast to the contract, to wait till the time for performance has arrived, or to act upon the declaration, and treat it as a final assertion by the promisor that he is no longer bound by the contract, and a wrongful renunciation of the contractual relation into which he has entered. If he elects to pursue the latter course, it becomes a breach of contract, excusing performance on his part and giving him an immediate right to recover upon it as such."

And in Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953 (syllabus), it is said: "That rule is that after the renunciation of a continuing agreement by one party, the other party is at liberty to consider himself absolved from any future performance of it, retaining his right to sue for any damages he has suffered from the breach of it; but that an option should be allowed to the injured party, either to sue immediately, or to wait till the time when the act was to be done, still holding it as prospectively binding for the exercise of this option."

The contention that the action was premature has no basis in fact. The record discloses that proofs were made and tendered, but that the appellant refused to furnish forms upon which to make proof of death, claiming that the policies were not legally executed and were not in force or effect at the time of the death of the insured. Under these circumstances, there was nothing more appellee could do. The denial of liability on the part of the appellant was clear, definite, and final. There was no objection to the form or substance of the proof. Being denied a claimed right by appellant's renunciation of, and denial of liability under, the policies, and its refusal to accept proof of death and register the claims as just and payable according to the terms of the policies, appellee was not required to await the end of the tontine period, when testimony would likely be unavailable to sustain her claim.

The other and last contention is that there is no basis of fact in the record upon which the present worth of the policies was computed. This was made an issue of fact by the complaint, which alleged "that four per centum per annum, compounded semiannually, is the amount of interest which is customarily paid at the present time in the state of California upon money invested with the minimum of risk." This was denied by the answer, but no proof was offered. It was error for the court to compute the present worth of the policies on the basis of 4 per cent. compounded semiannually. The legal rate of interest in California, the situs of the contracts in issue, is "seven dollars upon the one hundred dollars for one year." General Laws of California 1923, Act 3757, § 1. The Supreme Court of California holds that interest shall not be compounded unless agreed to by the parties. Matter of the Estate of Den, 35 Cal. 692; Yndart v. Den, 116 Cal. 533, 48 P. 618, 58 Am. St. Rep. 200. The present worth of a sum of money payable in the future without interest is such a sum as being put at interest at the legal rate will amount to the sum named in the respective policies at the end of seventeen, eighteen, and

nineteen years, respectively, from the date of issue, based on the double liability provision. See Sanford's Higher Analytical Arithmetic, 226. The rule there given is to "divide the given sum or debt by the amount of 1 for the given time at the given rate; the quotient will be the present worth." See, also, Williams v. McCranie, 27 Ga. App. 693, 109 S. E. 699; Seabury v. Detroit United Ry., 194 Mich. 423, 160 N. W. 570. For example:

$2,000 ÷ (17 × 7% + 1) = $913.24, present worth.
$2,000 ÷ (18 × 7% + 1) = $884.96, present worth.
$2,000 ÷ (19 × 7% + 1) = $858.37, present worth.

At the date of issuance, the present worth of these policies was $2,656.57. At the time of death, 34 days later, the present worth had increased by $17.55. The application of this rule will reduce the amount of the judgment, and to that extent the judgment will be modified; in all other matters the judgment is affirmed. The case will be remanded to the District Court, with directions to enter judgment in favor of the appellee for the sum of $2,674.12, the present worth of the policies.