THE COURT.
 

 This is an action to foreclose a deed of trust and a chattel mortgage executed by defendants II. B. Turner and Alice M. Turner, his mother, to secure a promissory note in the principal sum of $1250, payable to plaintiff. The court below found that in addition to the principal sum of $1250, there was due on said note interest from date of execution in the sum of $275.74. It further found that said deed of trust and said chattel mortgage also secured an unpaid balance of account in the amount of $232.58 due from defendant II. B. Turner to plaintiff, and attorney’s fees in the amount of $150. Defendants appeal from said judgment. They contend that said balance of account, or a portion thereof, is not secured by the deed of trust.
 

 
 *773
 
 The chattel mortgage by its terms was security for all existing and future indebtedness owing from the mortgagors to the mortgagee, as well as for the promissory note. The deed of trust, however, was security for the promissory note and for “all amounts of principal
 
 hereafter borrowed
 
 by said grantors from said beneficiary to the limit aforesaid [$6,000] and interest thereon.” (Italics ours.)
 

 Defendant H. B. Turner is a grower of prunes. Plaintiff F. A. Schneider conducts a business for the marketing of dried fruit under the name of Warren Dried Fruit Company. Plaintiff and Turner commenced to do business in 1930, when Turner contracted to dispose of his 1930 crop through plaintiff. Due to the prevailing economic depression a large part of the 1930 crop was not readily marketable. In this situation plaintiff made cash advances or loans to Turner against his prunes delivered to plaintiff, in advance of the sale of the prunes by plaintiff. In most instances a promissory note was given for cash advances made. On April 13, 1932, when the note for $1250 was executed, Turner was indebted to plaintiff in a large sum on account of cash advances and charges made against him on account of the undisposed portion of his crops. The note for $1250 and deed of trust and chattel mortgage were executed for a further cash advance of $1250 then made by plaintiff to Turner. The deed of trust covers an acre of land in Yuba County, while the chattel mortgage applies to fruit dehydrating equipment on said land. The mother joined in the deed of trust and mortgage by reason of her interest in the property subject thereto.
 

 Thereafter plaintiff made further cash advances to Turner and additional charges against him in connection with his prunes delivered to plaintiff. Turner’s 1931 and 1932 crops were also delivered to plaintiff.
 

 The instant action for foreclosure was filed in May, 1934. Upon the trial plaintiff introduced an instrument described as “a summary of the H. B. Turner account”, which had been prepared by plaintiff’s bookkeeper from plaintiff’s books of account. Said paper lists chronologically all charges against Turner from the time he commenced to deal with plaintiff in November, 1930, including the note for $1250, and other cash advances and charges on account of the fruit.
 

 Following this list of charges against Turner is a list of credits in his favor, representing sales proceeds of his fruit marketed by plaintiff. The amount by which the charges
 
 *774
 
 exceed the credits represents the balance of indebtedness due from Turner, including principal and interest on the note of $1250. Deducting the unpaid principal of the note in the sum of $1250, and interest of $275.74 thereon, from the total indebtedness, the court found that a balance of $232.58 was due from Turner, in addition to the amount of principal and interest due on said note. The court found that this sum of $232.58, as well as the unpaid principal and interest on the note, was secured by the deed of trust and chattel mortgage.
 

 We have heretofore stated that the deed of trust by its terms secured amounts
 
 thereafter
 
 borrowed by Turner in addition to the note for $1250. It was not also security for preexisting indebtedness as was the chattel mortgage. In computing the total of charges against Turner in accordance with the above described summary of account, the plaintiff included charges made against Turner before the execution of said deed of trust. The result, defendants contend, is that the figure of $232.58, held by the trial court to be secured by the deed of trust, includes a sum not secured thereby.
 

 It does not appear from the summary of account, nor the testimony, that any portion of said figure comprises indebtedness which is unsecured because it represents a balance of indebtedness existing before execution of the deed of trust. The sales proceeds realized by plaintiff from Turner’s prunes subsequent to execution of the deed of trust exceed by several thousand dollars the amount of .his indebtedness at the time of execution of the deed of trust. Application of these sales proceeds to the earlier indebtedness not secured by the deed of trust would discharge said indebtedness in full, with the result that the balance of $232.58 would represent later advances which the deed of trust secures.
 
 (Bank of America Nat. T. & S. Assn.
 
 v.
 
 Kelsey,
 
 6 Cal. App. (2d) 346 [44 Pac. (2d) 617]; sec. 1479, Civ. Code.)
 

 If defendants were of the view that the figure of $232.58 included amounts unsecured by the deed of trust they had an opportunity during the trial of the case to elicit further facts. This they did not do.
 

 Defendants further contend that a number of items included in the list of charges against Turner arising subsequent to the execution of the deed of trust are not secured by the deed of trust for the reason that they cannot be construed as “amounts borrowed” within the meaning of the
 
 *775
 
 deed of trust. The balance of account is the small sum of $232.58 (exclusive of the note of $1250 and interest). Here again it may be presumed in support of the judgment that credits arising after the execution of the deed of trust have been applied in payment of any items which may not have been secured by said deed of trust and that the sum of $232.58 represents cash advances made after execution of the deed of trust, which were clearly secured thereby.
 

 Defendants also contend that the several items of interest included in the list of charges consist in part of compound interest on charges which did not bear such interest. Interest may not be compounded except pursuant to the agreement of the parties. (Stats. 1919, p. lxxxiii, sec. 2;
 
 Yndart
 
 v.
 
 Den,
 
 116 Cal. 533 [48 Pac. 618, 58 Am. St. Rep. 200]; 14 Cal. Jur. 687.) It does not appear from the summary of account herein that it includes any unauthorized compound interest. Certain of the charges admittedly bore compound interest by virtue of the agreement of the parties. Defendants in the trial court did not challenge the correctness of the items of interest listed on the ground that they consisted in part of unauthorized compound interest, nor did they request a more detailed statement as to the interest computation.
 

 It is further contended that an item of $801.11 has been charged against Turner improperly. One Isaacson secured a judgment against Turner and plaintiff on account of labor performed by'him on Turner’s prune ranch. Plaintiff paid the amount of the judgment against it, with interest and costs, amounting in all to $801.11. Isaacson had threatened to stop work on Turner’s land unless plaintiff would guarantee his payment. Plaintiff had contracted to buy Turner’s prunes and also had made large cash advances to him. In this situation it guaranteed payment to Isaacson, and by reason thereof was liable to Isaacson. But as between plaintiff and Turner, the charge for Isaacson’s labor should properly be borne entirely by Turner, on whose ranch the labor was performed. In settlement of the balance of accounts between them plaintiff was entitled to charge Turner for the amount of this payment.
 

 The judgment is affirmed.