[No. 9516.    Department Two. — April 28, 1887.]

## LEON R. MYERS, RESPONDENT, v. JOHN S. TIBBALS ET AL., APPELLANTS.

CONTRACT — SALE OF MARBLE — TECHNICAL TERM OF ART — EVIDENCE OF MEANING. — In an action to recover the value of certain marble sold and delivered under a contract requiring it to be "finished and ready for setting" in a particular building, parol evidence of the meaning of that expression as used by marble-cutters is admissible.

PRACTICE — EVIDENCE — ACTION TRIED BY COURT — WAIVER OF FINDINGS — APPEAL. — Where there is a substantial conflict in the evidence in an action tried by the court without a jury, in which findings are waived, it will be presumed on appeal that the lower court found all the facts in favor of the prevailing party, and its decision will not be disturbed on the ground that it is not justified by the evidence.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

*H. A. Powell*, for Appellants.

*W. C. Burnett*, and *Isaac G. Burnett*, for Respondent.

BELCHER, C. C. — This action was brought to recover $836.08, the alleged value of certain marble sold and delivered by plaintiff to defendants, under a contract in writing. The defendants answered, and claimed in the court below that the plaintiff did not comply with the contract, and that by reason of such non-compliance they were damaged in the sum of $189. They also alleged and proved that prior to the commencement of the action they duly tendered to the plaintiff, in satisfaction of his claim, the sum of $720, and when it was com-

menced, deposited in court for him the amount so tendered.

The case was tried before the court without a jury, and findings being waived, judgment was entered in favor of plaintiff for the full amount claimed, with interest thereon and costs.

The defendants moved for a new trial, and their motion being denied, appealed from the judgment and order.

By the contract entered into by the parties, the plaintiff agreed "to furnish all the border and base of Belgium black marble required in the contract for the Larkin Street wing of the New City Hall, No. 156, according to the plans and specifications accompanying said contract," and to pay to the defendants "any damages that they may suffer by reason of any failure on his part to deliver to said parties the said border and base at his mill in the aforesaid city within thirty days after the date of this agreement, said work to be finished and ready for setting."

It appeared at the trial that some of the marble contracted for was not delivered within thirty days after the date of the contract, and the defendants claimed that by reason of this failure they suffered damage in the sum of fifty dollars. It also appeared that some of the pieces were not of the exact length required, and the ends were not squared and polished, so that they could be put in place without further labor upon them, and the defendants claimed that they were therefore not "finished and ready for setting," and that in consequence of this failure they suffered damage in the sum of $139.

It was not definitely shown what damage, if any, was sustained by defendants by reason of the failure to deliver to them all the marble within thirty days, and the plaintiff claimed and offered some testimony to prove that the failure resulted from their fault, and not his.

Whether all the pieces of marble when delivered were

"finished and ready for setting," within the true meaning of those words as used by marble-cutters, was a question upon upon which testimony was introduced on both sides without objection. For the plaintiff the affirmative of the proposition was proved, and for the defendants the negative, there being a substantial conflict in the evidence.

The words were evidently used in a technical sense, and testimony was admissible as to their meaning; and as findings were waived, the court must be presumed to have found all the facts in favor of the plaintiff. We cannot, therefore, say that the decision was not justified by the evidence.

It follows that the judgment and order should be affirmed.

Foote, C., and Searls, C., concurred.

The Court. — For the reasons given in the foregoing opinion, judgment and order affirmed.