[Civ. No. 3694. Third Appellate District.—September 17, 1929.]

BURR LATTA, Respondent, v. EDWARD L. DA ROZA et al., Appellants.

Walter F. Lynch and Ernest Spagnoli for Appellants.

Bradford, Cross & Prior for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for a balance due on a written contract "to lay 12 inch pipe on the property of Edw. L. da Roza at 45 cents per foot . . . " There is a conflict of evidence regarding the number of feet of pipe which was actually laid. It is contended the evidence does not support the judgment against the defendant Roma V. da Roza. The chief controversy, however, is concerning the admission of testimony affecting an alleged trade custom respecting the construction of the term "to lay," which is employed in the contract.

The written contract was silent regarding the hauling of the pipe. Without objection the plaintiff testified: "This written contract did not contain all the agreements had with da Roza. Mr. da Roza was to haul the pipe, but later, because he was so busy, hired me to haul the pipe and all materials on a tonnage basis." Over objection on the part of defendants the witness Hartman was permitted to testify that he had been in the pipe business many years and was familiar with the usages and customs of the trade and that the term "to lay" did not include a hauling charge. In response to this testimony the defendant Edward da Roza testified: "That said contract was the only contract entered into between the parties hereto; that under such contract plaintiff agreed to and was to haul and lay the pipe for 45 cents a foot; (that) I am not, and never was familiar with the customs or usages of pipe dealers or pipe laying contractors." The record contains no further testimony respecting the defendants' knowledge of the alleged trade custom.

■ The general trade meaning of expressions is controlled by the express contract of the parties. (*Browning* v. *McNear*, 158 Cal. 525 [111 Pac. 541].) In view of the conflict of evidence respecting the charge for hauling pipe, the judgment should be affirmed, unless the foregoing evidence as to the trade custom was incompetent and prejudicial.

■ Clearly, the challenged evidence in the present case affects a special trade usage, which is presumed to be known by and binding upon those who are engaged in that particular trade or calling. (25 Cal. Jur., p. 419, sec. 4; 27 R. C. L., p. 162, sec. 10.) ■ When a usage is not general in character, but, upon the contrary, is local and confined to a particular trade or occupation, it is binding upon those not

engaged in the calling, only, who have either express or implied knowledge of its existence. (27 R. C. L., p. 163, sec. 11.) Customs of special trades and local usages which are limited to certain communities are not presumed to be known to all persons. (Jones on Evidence, 3d ed., p. 714, sec. 464.) To bind one who is not engaged in the trade or occupation which employs the usage relied upon, proof of his actual knowledge of the usage is necessary, unless it is so commonly accepted that the public is presumed ·to recognize its existence. ■ When the language of a contract is uncertain or ambiguous, evidence of usage applicable to the transaction may be received to explain the intent of the parties. (Sec. 1870, subd. 12, Code Civ. Proc.; 25 Cal. Jur., p. 425, sec. 10.) ■ In the present case, however, the alleged custom of the trade to the effect that a contract to lay pipe does not include a charge for hauling the same, is not binding on the defendants, in the absence of an agreement to the contrary, for the reason that it appears affirmatively without contradiction that they had no knowledge of the existence .of such usage. Nor does it appear this alleged usage is of such a character or general prevalence as to require a presumption of common knowledge of its existence. Since the evidence is uncontradicted that the defendants were ignorant of the usage of the trade in so construing the language of the contract, and since, under the circumstances of this case, knowledge on the part of the defendants was necessary in order to bind them to a mere custom, it must be assumed the trial court disregarded the insufficient evidence of usage and rendered its judgment on the affirmative testimony of an independent agreement to pay for hauling the pipe. The court adopted no finding relative to usage.

■ The terms of the contract were uncertain with respect to the obligation to pay for hauling the pipe and oral testimony upon this subject was therefore competent. ■ There is substantial evidence, independent of the alleged usage, to the effect that defendants hired the plaintiff "to haul the pipe and all materials on a tonnage basis," apart from the contract to lay the pipe. While this evidence was contradicted by the defendants, it is nevertheless controlling upon this court on appeal.

There is no merit in the claim that the judgment is not supported by evidence which is binding upon the defendant Roma da Roza. The agency of her husband and co-defendant was sufficiently shown. He testified: "My wife's name is Roma V. da Roza. She and I own the ranch upon which the work was done. I have charge of the operation of the ranch."

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1929, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied. █ The evidence of the agency of the defendant Edw. L. da Roza is sufficient to bind his wife, Roma V. da Roza. The complaint was for a joint obligation against Edw. L. da Roza and Roma V. da Roza, his wife. Both defendants appeared jointly by general demurrer only and by an answer containing only a general denial. Neither the answer nor the evidence at the trial raises the question of agency, joint ownership of the real property or the marriage relation existing between the defendants at the time of the execution of the contract. The liability of the wife was directly involved. The authority of one spouse to act for another may be established by circumstances, and as between husband and wife requires much less evidence to establish agency than is ordinarily required. (13 Cal. Jur., p. 844, sec. 43.) In the absence of a special plea in behalf of the wife, in view of the entire state of the record which contains no intimation to the contrary, reason prompts us to assume that the defendant Edw. L. da Roza intended to admit his agency and his marriage at the time of the execution of the contract when he testified without explanation or modification: "My wife's name is Roma V. da Roza. She and I own the ranch upon which the work was done. I have charge of the operation of the ranch."

█ Moreover, the appellants may not question the insufficiency of the evidence to support the judgment for the appeal is presented by means of a bill of exceptions, which

contains no specifications of error. (Sec. 648, Code Civ. Proc.; 2 Cal. Jur., p. 708, sec. 407; *Akley* v. *Bassett,* 189 Cal. 625, 639 [209 Pac. 576]; *Winterburn* v. *Chambers,* 91 Cal. 170 [27 Pac. 658]; *Weisshand* v. *City of Petaluma,* 37 Cal. App. 296, 303 [174 Pac. 955].)

The petition for a rehearing is denied.