[Civ. No. 12069.   First Dist., Div. One.   Oct. 2, 1942.]

R. R. ROBERTSON, Respondent, v. L. POLK DODSON, JR., Appellant.

Lorenz Costello for Appellant.

Theodore M. Monell for Respondent.

WAGLER, J. pro tem.—This is an appeal from a judgment in favor of the plaintiff in an action to recover the sum of $500, paid as a deposit under a written contract to purchase certain real property owned by defendant.

The contract in question was executed on October 5, 1936; it acknowledged the receipt of the sum of $500 on account of an agreed purchase price of $8,000. Other provisions of the purchase agreement pertinent to this appeal read as follows:

"The balance of the purchase price is to be paid within ten (10) days from date hereof, as follows, to-wit: On completion of financing and recording of deed Fifteen Hundred ($1500.00) Dollars in cash, and, subject to obtaining a first encumbrance from the Palo Alto Mutual Building and Loan Association, the sum of Six Thousand ($6000.00) Dollars, payable on or before twelve (12) years from date of recordation, to-wit: October 15, 1948; said note to be written calling for monthly payments of Fifty-eight and 60/100 ($58.60) Dollars, including interest at the rate of six (6%) per cent per annum. . . .

"And It Is Hereby Agreed: First — That in the event

said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages.''

A note and deed of trust in the form customarily used by the Palo Alto Building and Loan Association, bearing date of October 10, 1936, were subsequently delivered to the plaintiff. These documents the plaintiff refused to sign on the ground that certain of the provisions were not in accordance with the terms of the purchase contract. Plaintiff so notified the defendant on October 14, 1936. Three days later plaintiff, through his attorney, notified defendant that if loan papers, in accordance with the terms of the purchase agreement, were not presented by October 23, 1936, the contract would be considered breached. The defendant refused to submit any other note and deed of trust; he also refused to refund plaintiff's deposit. It is defendant's contention that the note and deed of trust presented complied with the conditions of the purchase agreement in all respects.

The trial court found that the terms of said note and deed of trust contained provisions not covered by the terms of the agreement of the plaintiff and defendant, in that said note and deed of trust securing same contained provisions for accelerating the maturity of said note, in the event of any default therein and for compounding of interest in such event, contrary to the provisions of said agreement, and that it was the understanding of the parties that the defendant should secure the loan in question; that defendant was unable to secure such loan in accordance with the terms of the contract between plaintiff and defendant, and that plaintiff's refusal to execute the note and deed of trust was justified.

Defendant concedes that the note contained the provisions for acceleration of maturity and for compounding of interest. With reference to whose duty it was to procure the loan, the evidence was conflicting. On this appeal we must assume, therefore, that this was the duty of the defendant.

In support of his position that the note and deed of trust complied with the conditions of plaintiff's offer, defendant contends that, even though the purchase agreement was silent as to the rights of the parties in the event of plaintiff's default, the provisions of the note and deed of trust to which plaintiff objected were by implication as much a part thereof as if fully expressed therein.

664

■ With reference to the acceleration clause, we believe there is merit to defendant's contention. "Everyone is presumed to know the law. And all applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms." (6 Cal. Jur. 310, § 186; *Brown* v. *Ferdon*, 5 Cal. (2d) 226 [54 P. (2d) 712]; *Chapman* v. *Jocelyn*, 182 Cal. 294 [187 Pac. 962]; *Long* v. *Newman*, 10 Cal. App. 430 [102 Pac. 534].)

It was agreed in this case that a loan was to be obtained from a specified building and loan association. The contracting parties were, therefore, presumed to know all existing laws governing transactions between such associations and their borrowers. (*Long* v. *Newman, supra.*)

■ Section 9.13 of the Building and Loan Association Act (Deering's Gen. Laws (1937), Act 986, § 9.13, added by Stats. 1933, p. 1114) reads as follows:

"Whenever a borrower shall be in arrears in the payment . . . of his interest or loan installments, or shall be in default under the terms of any pledge, deed of trust or mortgage securing his loan, the whole loan shall become due at the option of the association."

This section is not only for the benefit and protection of the "association," but for the investing public as well. The acceleration clause to which plaintiff objected was both authorized and required by the statute. The inclusion of this clause, alone, would not justify plaintiff's refusal to execute the documents.

■ Defendant seeks to justify the provisions dealing with the compounding of interest, on the grounds of usage and custom. This contention cannot be sustained. The record is void of any evidence of such usage or custom, or that the parties contracted with reference thereto. A person is not bound by a custom or usage unless he had actual knowledge thereof, or it is so general or well-known in the community as to give rise to the presumption of such knowledge. (25 Cal. Jur., p. 419; *Latta* v. *Da Roza*, 100 Cal. App. 606 [280 Pac. 711, 281 Pac. 655]; *Hanley* v. *Marsh & McLennan, etc., Ltd.*, 46 Cal. App. (2d) 787 [117 P. (2d) 69].)

■ The evidence shows that defendant was employed by a bank. The custom of building and loan associations, if any, to require provision in their contracts compounding interest, may, or may not have been known to him. However, the

plaintiff, according to the evidence, was entirely unfamiliar with real estate transactions and the financing thereof. A custom or usage which is confined to a particular trade or business, is binding upon those not engaged in the calling only in case they have either express or implied knowledge of its existence. (*Latta* v. *Da Roza, supra.*) ▮ Moreover, the compounding of interest has never been looked upon with favor in this state. (*Doe* v. *Vallejo,* 29 Cal. 385; *Yndart* v. *Den,* 116 Cal. 533 [48 Pac. 618, 58 Am. St. Rep. 200]; *Schneider* v. *Turner,* 10 Cal. (2d) 771 [76 P. (2d) 668].)

It should also be noted that the Legislature has expressly provided that "in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest *unless an agreement to that effect is clearly expressed in writing* and signed by the party to be charged therewith." (Emphasis ours.) (Deering's Gen. Laws (1937), Act 3757, § 2; Stats. 1919, p. lxxxiii.)

How the defendant expects the court to imply an agreement to pay compound interest in view of this statute, he does not explain. ▮ Custom and usage may be used as an instrument of interpretation, but may not be used to create a contract. (*Rottman* v. *Hevener,* 54 Cal. App. 485 [202 Pac. 334]; *Great Lakes Coal & Dock Co.* v. *Seither Transit Co.,* 220 Fed. 28 [136 C. C. A. 110]; *Thompson* v. *Riggs,* (5 Wall.) 72 U. S. 663 [18 L. Ed. 704].) This rule is expressed by section 1870 of the Code of Civil Procedure as follows: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: . . . 12. Usage, to explain the true character of an act, contract, or instrument, where such true character is not otherwise plain; but usage is never admissible, except as an instrument of interpretation."

There is no merit to defendant's suggestion that plaintiff may have waived the discrepancies between the note and deed of trust and the purchase agreement. The record shows that the plaintiff acted with despatch in connection with all phases of the controversy, and that his refusal to accept the note and deed of trust in the form submitted was justified.

The judgment appealed from is affirmed.

Peters, P. J., and Ward, J., concurred.