BILL LOCKYER Attorney General GREGORY L. GONOT Deputy Attorney General
THE HONORABLE JENNY OROPEZA, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. Is the 5 percent salary increase authorized for city council members of a general law city to be applied to the currently received salary amount for the total number of years since the last salary adjustment?
2. May the additional compensation authorized for a mayor of a general law city be increased during his or her term of office as mayor?
 CONCLUSIONS
1. The 5 percent salary increase authorized for city council members of a general law city is to be applied to the currently received salary amount for the total number of years since the last salary adjustment.
2. The additional compensation authorized for a mayor of a general law city may be increased during his or her term of office as mayor.
 ANALYSIS
The two questions presented for resolution concern the compensation authorized for city council members and mayors of general law cities in California. We are asked to interpret two different statutes. The first is Government Code section36516,[1] which states:
 "(a) A city council may enact an ordinance providing that each member of the city council shall receive a salary, the amount of which shall be determined by the following schedule:
 "(1) In cities up to and including 35,000 in population, up to and including three hundred dollars ($300) per month.
 "(2) In cities over 35,000 up to and including 50,000 in population, up to and including four hundred dollars ($400) per month.
 "(3) In cities over 50,000 up to and including 75,000 in population, up to and including five hundred dollars ($500) per month.
 "(4) In cities over 75,000 up to and including 150,000 in population, up to and including six hundred dollars ($600) per month.
 "(5) In cities over 150,000 up to and including 250,000 in population, up to and including eight hundred dollars ($800) per month.
 "(6) In cities over 250,000 population, up to and including one thousand dollars ($1,000) per month.
 "For the purposes of this section the population shall be determined by the last preceding federal census, or a subsequent census, or estimate validated by the Department of Finance.
 "(b) At any municipal election, the question of whether city council members shall receive compensation for services, and the amount of compensation, may be submitted to the electors. If a majority of the electors voting at the election favor it, all of the council members shall receive the compensation specified in the election call. Compensation of council members may be increased beyond the amount provided in this section or decreased below the amount in the same manner.
 "(c) Compensation of council members may be increased beyond the amount provided in this section by an ordinance or by an amendment to an ordinance but the amount of the increase may not exceed an amount equal to 5 percent for each calendar year from the operative date of the last adjustment of the salary in effect when the ordinance or amendment is enacted. No salary ordinance shall be enacted or amended which provides for automatic future increases in salary.
 "(d) Unless specifically authorized by another statute, a city council may not enact an ordinance providing for compensation to city council members in excess of that authorized by the procedures described in subdivisions (a) to (c), inclusive. For the purposes of this section, compensation includes payment for service by a city council member on a commission, committee, board, authority, or similar body on which the city council member serves. If the other statute that authorizes the compensation does not specify the amount of compensation, the maximum amount shall be one hundred fifty dollars ($150) per month for each commission, committee, board, authority, or similar body.
 "(e) Any amounts paid by a city for retirement, health and welfare, and federal social security benefits shall not be included for purposes of determining salary under this section provided the same benefits are available and paid by the city for its employees.
 "(f) Any amounts paid by a city to reimburse a council member for actual and necessary expenses pursuant to Section 36514.5 shall not be included for purposes of determining salary pursuant to this section." (Italics added.)
The second statute requiring interpretation is section 36516.1, which provides:
 "A mayor elected pursuant to Sections 34900 to 34904, inclusive, of the Government Code may be provided with compensation in addition to that which he receives as a councilman. Such additional compensation may be provided by an ordinance adopted by the city council or by a majority vote of the electors voting on the proposition at a municipal election."
Under section 36516, subdivision (c), is the authorized 5 percent annual salary increase for city council members to be applied to the current salary amount for the total number of years since the last salary adjustment? Under section 36516.1, may a mayor receive the authorized additional compensation during his or her term of office?
1. Salary Increase for City Council Members
Subdivision (a) of section 36516 sets a maximum amount for the salary of a city council member, depending upon the size of the city. (89 Ops.Cal.Atty.Gen. 135, 139 (2006); 84 Ops.Cal.Atty.Gen. 13, 15 (2001); 80 Ops.Cal.Atty.Gen. 119, 120-122 (1997). The residents of the city may vote to exceed the stated maximum amount (§ 36516, subd. (b); 84 Ops.Cal.Atty.Gen., supra, at p. 17), and the city council may by ordinance increase the level of compensation beyond the amount set in the statute for a city of its size, but not by more than 5 percent per year (§ 36516, subd. (c); 84 Ops.Cal.Atty.Gen., supra, at p. 17; 80 Ops.Cal.Atty.Gen, supra, at p. 123).
Section 36516.5 additionally provides:
 "A change in compensation does not apply to a councilman during his term of office; however, the prohibition herein expressed shall not prevent the adjustment of the compensation of all members of a council serving staggered terms whenever one or more members of such council becomes eligible for a salary increase by virtue of his beginning a new term of office."
Accordingly, the actual adjustment of a city council member's compensation may only occur when one of the council members commences a new term. (See 80 Ops.Cal.Atty.Gen., supra, at p. 123; 54 Ops.Cal.Atty.Gen. 112, 114 (1971).) In the typical situation, where city council members serve staggered four-year terms, salary increases may take place no more often than every two years.
In complying with the directive of section 36516, subdivision (c), is the 5 percent[2] annual adjustment to be applied to the currently received salary adjustment? Or, as it has been suggested, may the 5 percent be applied to the currently received salary amount only for the first year, and then applied to the newly calculated amount for the second year, and continuing these separate calculations, for each intervening year? For example, if six years have passed since the last salary increase, is one calculation to be made or are six separate calculations to be made with the 5 percent applied to each intervening year's calculated, but not received, increase?
In analyzing the terms of section 36516, we are guided by well-settled principles of statutory interpretation. "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" (Hunt v.Superior Court (1999) 21 Cal.4th 984, 1000.) "`In determining intent, we look first to the words of the statute, giving the language its usual ordinary meaning.'" (Curle v. SuperiorCourt (2001) 24 Cal.4th 1057, 1063.) "[A] statute `. . . is to be interpreted by the language in which it is written, and courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' [Citation.]" (Wells Fargo Bank v.Superior Court (1991) 53 Cal.3d 1082, 1097.) "`A statute must be construed "in the context of the entire statutory system of which it is a part . . ."'" (People v. Hull (1991)1 Cal.4th 266, 272.) Other statutes that might bear upon the meaning of the statute at issue may be considered. (White v. County ofSacramento (1982) 31 Cal.3d 676, 682; 78 Ops.Cal.Atty.Gen. 92, 95 (1979); 67 Ops.Cal.Atty.Gen. 325, 329 (1984).)
Applying these rules of construction, we find that subdivision (c) of section 36516 refers to calculations based solely upon "the salary in effect when the ordinance or amendment is enacted," which is the same salary amount as that resulting from "the last adjustment of the salary." We apply the words of the statute as written. Only the currently received salary amount is to be part of the calculations. To make separate calculations for each intervening year since the date of the last salary increase would base the calculations on salaries that were not received by the city council members. Nothing in the language of section 36516 suggests that the calculations are to be based upon salary amounts that were never received.
A somewhat analogous situation involves the computing of interest on both the principal sum and accrued interest. InRobertson v. Dodson (1942) 54 Cal.App.2d 661, 665, the court observed that "the compounding of interest has never been looked upon with favor in this state." This principle was reaffirmed inWestbrook v. Fairchild (1992) 7 Cal.App.4th 889, 893, where the court held that there was no constitutional or statutory authorization or equitable power to compound the award of post judgment interest.
We have examined in some detail the legislative history pertaining to subdivision (c) of section 36516. This statutory language was originally enacted in 1972 (Stats. 1972, ch. 591, § 2) and has remained unchanged through subsequent legislative enactments (Stats. 1984, ch. 100, § 2; Stats. 2005, ch. 178, § 1). We find no basis in the legislative history to calculate a salary increase based upon annual salary amounts that were not previously received.
Finally, we note that when the Legislature has authorized the use of a compounding formula for calculating salary and benefit increases, it has done so in unmistakable language. For example, with respect to cost-of-living adjustments for retirees who are members of the Public Employees Retirement System (§§ 20000-21432), section 21329, subdivision (b), provides:
 "No monthly allowance in any year may exceed an amount equal to the base allowance increased by 2 percent per year compounded for the number of years intervening between the end of the base year and the beginning of the calendar year in which the adjustment is made." (Italics added.)
Section 75523, subdivision (b), pertaining to the retirement allowance of retired judges, similarly provides:
 "No adjustment shall be made unless the cost-of-living increase equals or exceeds 1 percent. The allowance shall not be increased by more than three 3 percent in a single year. Increases shall be compounded." (Italics added.)
The Legislature could easily have provided the same type of directive in section 36516 if it had so intended. (See Traversov. People ex rel. Dept. of Transportation (1993) 6 Cal.4th 1152,1166; State Farm Mut. Auto. Ins. Co. v. Department of MotorVehicles (1997) 53 Cal.App.4th 1076, 1082; 73 Ops.Cal.Atty.Gen. 13, 23 (1990).)
We conclude that the 5 percent salary increase authorized for city council members of a general law city is to be applied to the currently received salary amount for the total number of years since the last salary adjustment.
2. Salary Increase for City Mayors
An elected mayor of a general law city is a member of the city council. (§ 34903; 80 Ops.Cal.Atty.Gen., supra, at p. 126; 57 Ops.Cal.Atty.Gen.626, 628 (1974).) His or her salary as a memberof the council is subject to the constraints of sections 36516 and 36516.5. (80 Ops.Cal.Atty.Gen., supra, at p. 126.)
However, an elected mayor may receive additional compensation for performing the duties of a mayor. As previously quoted, section 36516.1 allows a mayor to receive additional compensation "provided by an ordinance adopted by the city council or by a majority vote of the electors voting on the proposition at a municipal election." May the additional compensation be received during the mayor's current term of office? We conclude that it may.
In 80 Ops.Cal.Atty.Gen. 119, supra, we determined that a mayor's additional compensation may not be reduced by the city council during his or her current term of office because of the "contract clauses" of the United States and California Constitutions (U.S. Const., art. I, § 10, cl. 1 ["No state shall . . . pass any . . . law impairing the obligation of contracts . . ."]; Cal. Const., art. I, § 9 ["A . . . law impairing the obligation of contracts may not be passed"]). (Id. at pp. 124-126.) We specifically did not rely upon the prohibition in section 36516.5 that "[a] change in compensation does not apply to a councilman during his term of office" in reaching our conclusion. We reasoned in part:
 "Section 36516.5's prohibition is as follows: `A change in compensation does not apply to a councilman during his term of office. . . .' Although a mayor is a member of the city council, he or she is not normally referred to as a `councilman.' The additional salary authorized by section 36516.1 would seemingly not be received as a `councilman'; rather, the additional compensation would be granted for the performance of mayoral duties." (Id. at p. 126.)
Here, we are concerned with an increase in a mayor's compensation; therefore, the constitutional considerations involving a mayor's contractual rights are not in question. As for section 36516.5's prohibition, it is inapplicable here, just as it was in our 1997 opinion and for the same reasons. The additional compensation for performing mayoral duties is not received as "a councilman."
We are left, then, with a statute that precludes additional compensation for city council members during their current terms of office, but no similar statute prohibiting additional compensation for city mayors during their current terms of office. Consistent with our analysis in answer to the first question, we find that if the Legislature had intended to restrict increases for mayors under the terms of section 36516.5, it could easily have so provided. It did not; we will not add such language to this statute in the guise of statutory construction.
We conclude that the additional compensation authorized for a mayor of a general law city may be increased during his or her term of office as mayor.
[1] All further references to the Government Code are by section number only.
[2] While the statute authorizes adjustments of less than 5 percent, we will assume that the ordinance in question specifies a 5 percent increase.