[L. A. No. 380. Department Two.—April 20, 1898.]

P. C. HIGGINS, Appellant, v. CALIFORNIA PETROLEUM AND ASPHALT COMPANY et al., Respondents.

WRITTEN CONTRACT—EVIDENCE—GROSS TON—FINDINGS—JUDGMENT.—Under section 1861 of the Code of Civil Procedure, parol evidence is admissible, in explanation of the term "gross ton," as used in a written contract, to show that by it was intended a long ton of two thousand two hundred and forty pounds, and not the statutory ton of two thousand pounds; and, in an action based upon such contract, in which the court finds that such was the meaning of the term, and renders judgment accordingly, it must be presumed, on appeal from the judgment, taken on the judgment-roll alone, that the finding was supported by the evidence.

APPEAL from a judgment of the Superior Court of Santa Barbara County. W. B. Cope, Judge.

The facts are stated in the opinion of the court.

W. S. Day, for Appellant.

Canfield & Starbuck, for Respondents.

TEMPLE, J.—Plaintiff brought this action to recover certain royalties on certain bituminous rock and liquid asphaltum mined by defendants, for which they agreed to pay "the sum of fifty cents per ton for each and every gross ton." The trial court found "that the term 'gross ton' as used in the lease . . . . means two thousand two hundred and forty pounds," and gave judgment for plaintiff accordingly. From this judgment plaintiff appeals on the judgment-roll alone. His contention is, that the ton contemplated by the contract is a ton of two thousand pounds. A contract of precisely the same terms, in respect of the question now presented, was before this court in *Higgins v. California etc. Co.,* 109 Cal. 304. It was held in that case that the ton referred to, upon the facts as they there appeared, was "equal to two thousand pounds avoirdupois, and no more." The only question involved here is whether the finding above quoted supports the judgment. Appellant claims that this "is simply a conclusion of law based upon the contract," and, "if a finding of fact, it is error, as it is found from the contract itself." By section 3215 of the Political Code it is provided that: "Twenty hundred weight constitute a ton."

The contention of appellant is, that the statute defines the meaning and use of the word "ton" (Pol. Code, sec. 3222), and that the lease is unambiguous and cannot be explained or contradicted by parol evidence; therefore, there could have been no evidence at the trial justifying the finding of the court that the phrase "gross ton" used in the lease meant a long ton of "two thousand two hundred and forty pounds."

Some decisions are cited apparently holding that a contract of this nature must be conclusively presumed to refer to the statutory weights and measures—at least, in the absence of a direct and express reference in the contract to a different standard—and in this connection it is argued that the adjective "gross" does not refer to measure—that is, to the number of pounds in the ton —but to the condition of the commodity when weighed, to wit, that the crude and unrefined asphalt is to be weighed, and not the refined product.

I think the question is entirely settled by section 1861 of the Code of Civil Procedure, which reads as follows: "The terms of a writing are presumed to have been used in their primary and general acceptation, but evidence is nevertheless admissible that they have a local, technical, or otherwise peculiar signification, and were so used and understood in the particular instance, in which case the agreement must be construed accordingly."

I know no reason why this rule would not apply as well to a term indicating a statutory weight or measure as to any other term used in a writing.

Suppose there had been a bill of exceptions in this case, showing that upon the trial it was proven: 1. That there was a usage throughout the state among all dealing in asphaltum that the crude material was dealt in according to a gross ton of two thousand two hundred and forty pounds; 2. That there was a custom to the same effect in Santa Barbara county. That in fact by the usage and custom the phrase "gross ton" is always used to indicate the long ton, just as by commercial usage the last phrase is used to indicate that two thousand two hundred and forty pounds is meant; 3. That the parties acting under this very contract had in numerous settlements recognized the fact that "gross ton" meant the long ton and not the statutory ton. And we might add to this that there had been previous contracts between these same parties, of the same general character, but in which the phrase had been so defined. Would not such evidence have been admissible, and would it not have supported the finding? I think it would.

Of course, appellant would contend that even under section 1861 such evidence cannot be received unless the contract expressly indicates a local, technical, or peculiar signification. But the section plainly provides that it may be shown by evidence that the language is used in a technical, local, or peculiar sense, and not merely that evidence may be introduced to show what such meaning is, when language is so used.

This view is somewhat strengthened by the fact, as shown in respondents' brief, that the phrase "gross ton" is often used in lieu of the phrase "long ton" with which we are all familiar in commercial reports, and which always indicates a ton containing two thousand two hundred and forty pounds.

It is said that in the case of *Higgins v. California etc. Co.,* *supra,* this identical lease was construed and that it was between the same parties. Possibly, had the evidence been brought up on this appeal, we would now construe it in the same way. But that case does not constitute the law of this case, and here we are asked to decide whether there could possibly have been evidence which would have sustained the finding objected to. I think the finding was not *necessarily* a mere confusion of law—that is, a construction of the language of the lease, but may have been based upon evidence.

Judgment affirmed.

Henshaw, J., and McFarland, J., concurred.