[L. A. No. 11537. In Bank.—December 29, 1931.]

WILLIAM S. FERRIS, Respondent, v. C. H. EMMONS, Appellant.

Walter B. Kibbey and Woodruff, Musick & Hartke for Appellant.

Chauncey E. Snow and T. E. Guerin for Respondent.

WASTE, C. J.—The defendant appeals from a decree quieting plaintiff's title to a strip of land seven and one-half feet wide, adjacent to the center line of block 195 of the Pomona tract, in the city of Pomona, county of Los Angeles.

Block 195 was formerly owned by the Pomona Land and Water Company, which company in the year 1886, conveyed the west half thereof to defendant's predecessor in interest, and in the year 1888 conveyed the northeast quarter thereof to plaintiff's predecessor in interest. The defendant, by mesne conveyances, has since come into the ownership of the northwest quarter of the block, so that now the plaintiff and defendant own, respectively, the northeast and the northwest quarters of block 195. The two deeds running in favor of the predecessors of the parties hereto were made "according to" a map of Pomona tract recorded in the year

1875, thereby incorporating the map in the description of the property conveyed. According to this map, block 195 contains forty acres of land "measuring in every instance to the centers of the adjoining streets". The net acreage of block 195, exclusive of the streets, is 35.46 acres. As the owner of the northeast quarter of the block, the plaintiff claims to be the owner of 8.97 acres of land, exclusive of the streets, which is slightly in excess of one-fourth of the net acreage of the block. The strip of land seven and one-half feet wide, about which this controversy centers, runs along the western boundary of plaintiff's land, which also forms the eastern boundary of defendant's land. If the block be considered as including the streets, plaintiff's land will be seven and one-half feet greater in width, and defendant's land correspondingly smaller in width, than if the block be considered as ending at the boundary line of the streets. This is so because the streets paralleling the east and west sides of block 195 are of different widths. In finding for the plaintiff and quieting his title to the strip of land here involved, the trial court determined that block 195 extends to, and all fractional parts thereof are to be measured from, the center line of the adjoining streets.

Upon this appeal the defendant and appellant admits that the deeds under which the respective parties make claim are sufficient to convey title to the center of the adjoining streets. This being so, the sole question presented for adjudication is whether the center line, which divides block 195 into an east and a west half, is to be determined by including or excluding the streets on the east and west sides of the block. Appellant's contention that the streets are to be excluded in fixing the division line between parcels and in ascertaining the net acreage covered by each conveyance, finds some support in the cases which hold that, however clearly it may appear that the owner of a parcel of land holds title to the center of an adjoining street, subject to the public easement, and that the boundary of the parcel is technically, therefore, the center of the street, in view of the fact that the owner of such parcel of land has no right to the possession or occupancy of any portion of the public street, it will ordinarily be presumed that the parcel does not include such portion of the street. (*Earl* v. *Dutour*, 181

Cal. 58 [6 A. L. R. 1163, 183 Pac. 438]; *Joens* v. *Baumbach,* 193 Cal. 567, 571 [226 Pac. 400].)

This principle does not apply to the present case, for the record is replete with evidence sustaining the findings of the court below and irrefutably indicating that the common grantor intended, by the respective deeds to the predecessors in interest of the parties hereto, to convey fractional parts of block 195 as measured from the center line of the adjoining streets. That respondent is the owner of the strip of land in dispute is established by the evidence. The deed to respondent's predecessor, delivered in the year 1888, describes the property covered therein as ''The North East quarter (N. E.¼) of Block One Hundred ninety-five (195) of the Pomona Tract, according to map of said Tract duly recorded in Book 3, pages 96 and 97 of Miscellaneous Records of Los Angeles County, California, estimated to contain Ten (10) acres of land.'' This map is in evidence, and materially assists in deciding the question presented by the appeal. A careful study and understanding of it discloses that the net acreage (viz., that acreage devoted solely to private use and occupancy) of the several fractional parts of the 40-acre blocks of the tract (of which block 195 is one), adjacent to the streets of the tract, is noticeably less than the acreage of corresponding fractional parts of 40-acre blocks not abutting the streets, thus clearly indicating that, for purposes of dividing the several 40-acre blocks of the tract into fractional parts, all measurements are to be taken from the center line, rather than from the side lines, of the streets. This is borne out by the legend appearing on the face of the map, which discloses that the tract is subdivided into blocks of three sizes, the largest blocks containing 40 acres each, the second containing 10 acres each, and the smallest containing two and one-half acres each, ''measuring in every instance to the centers of the adjoining streets'',— the 40-acre blocks (of which block 195 is one) being divided into five and ten acre lots ''measuring from the center of the streets'', the 10-acre blocks being divided into ''8 equal lots Not including streets'', and the two and one-half acre blocks being divided into lots ''on the same basis, similar lots in the same blocks all being of the same width''. Reading the several deeds here involved in conjunction with the map to which they refer in describing the property

transferred, it is immediately apparent that fractional parts of block 195, as well as the fractional parts of all other 40-acre blocks in the tract, are to be measured from the center lines of the adjoining streets. In addition, and by way of explanation of what was intended by the parties to the original conveyances when they used the word "block" in the instrument of transfer, the respondent introduced a substantial amount of parol evidence, both as to the common reputation and custom in the community of Pomona, prior to the institution of this action, as to the meaning of the word "block", as used in the map above referred to and the several conveyances made pursuant thereto by the common grantor. The witnesses testifying in this respect stated that it was commonly understood that "the blocks extend to the center of the streets", and that "the man who owns the property on the side of the street would have less acreage than the man who was on the side where there was no street, where he had the fractional part of the block". Respondent also produced tax receipts for the years 1911 to 1924, inclusive, each of which discloses that the taxable net acreage of the northeast quarter of block 195 is computed by deducting one-half of the street area from the gross acreage. In other words, respondent is assessed and taxed upon the basis of 8.97 acres, being the northeast 10 acres, less 1.03 acres representing one-half the adjacent street area, which includes the strip of land here in dispute.

■ We find no merit in the contention that the parol evidence above referred to was improperly admitted. Contrary to appellant's claim, the evidence neither altered nor varied the terms of the written instrument. It was offered by the respondent, and received by the court below, not for the purpose of changing or adding to the deed, but for the sole purpose of explaining the language therein contained. That parol evidence is admissible for such a purpose cannot be denied. If the word "block", as used by the common grantor in the subdivision map and several deeds executed pursuant thereto, was intended by him to have a particular and peculiar meaning, it was competent for the court below to permit the introduction of parol evidence to establish that meaning. (Sec. 1861, Code Civ. Proc.; 6 Cal. Jur. 276, 278; *Jenny Lind Co.* v. *Bower & Co.*, 11 Cal. 194; *Higgins* v. *California Pet. & Asphalt Co.*, 120 Cal. 629 [52 Pac.

1080].) Such evidence merely explains the instrument, without varying or adding to it, and serves to give effect to the intention of the parties.

Nor do we find any merit in the claim that this parol evidence was inadmissible as evidence of reputation and custom. Subdivision 11 of section 1870 of the Code of Civil Procedure provides that evidence may be given of "common reputation existing previous to the controversy, respecting facts of a public or general interest more than thirty years old, and in cases of pedigree and boundary".

The evidence is amply sufficient to sustain the trial court's findings of fact and conclusions of law, and we therefore deem it unnecessary to discuss or pass upon the propriety of the trial court's ruling admitting in evidence certain certificates of title issued to the respondent under the Land Title Act, which certificates covered, along with other property, the strip of land here involved. This evidence was merely cumulative, and, even if erroneously admitted, a point we do not decide, could not have worked any prejudice to the appellant.

We have examined the entire record, and conclude that a judgment for the respondent was not only proper, but mandatory. Appellant's several contentions are without merit.

The judgment is affirmed.

Shenk, J., Preston, J., Langdon, J., Seawell, J., Richards, J., and Curtis, J., concurred.