[Civ. No. 8842. Fourth Dist., Div. One. July 19, 1968.]

DAVID M. GEDDES, Plaintiff and Respondent, v. TRI-STATE INSURANCE COMPANY, Defendant and Appellant.

*Assigned by the Chairman of the Judicial Council.

182

Kirtland & Packard, Robert C. Packard and Lincoln J. Chavez for Defendant and Appellant.

Rutan & Tucker, Garvin F. Shallenberger and John B. Hurlbut, Jr., for Plaintiff and Respondent.

COUGHLIN, J.—Defendant, the insurer under a liability indemnity policy issued to plaintiff, a psychiatrist, appeals from a judgment declaring its obligation under that policy to defend an action for slander against plaintiff.

The policy in question was denominated "Psychiatrist's Professional Liability." Defendant, by this policy, agreed to indemnify plaintiff on account of loss from "such damages as may be awarded against the Assured in respect of professional services rendered by him in his practice of psychiatry . . . resulting from any claims or suits . . . based solely upon malpractice . . . assault, slander, libel," and other causes of action; and also agreed "to defend in the name and

on behalf of the Assured, . . . any suit against the Assured.''

On May 18, 1964, a psychiatrist named Prastka called plaintiff, also a psychiatrist, on the telephone, stating he had a patient he wished to place in a hospital where psychiatric treatment was available, and inquired about a hospital known as Capistrano By The Sea which was operated by another psychiatrist named Day. In the course of this conversation plaintiff made statements about the hospital and Day which the latter claimed were slanderous and brought suit for slander against plaintiff. Defendant refused to defend this suit and plaintiff brought the instant action to determine its obligation in the premises.

Defendant claimed the conversation resulting in the slander suit was not a professional service rendered by plaintiff in his practice of psychiatry and for this reason was not covered by the policy. The court found to the contrary and entered judgment accordingly.

In the main the arguments on appeal are directed to contentions respecting interpretation of the contract of insurance; whether an ambiguity exists; and, granted an ambiguity, whether the determination of the trier of fact on conflicting evidence controls. These arguments are misdirected. The issue before the trial court was whether the alleged slanderous statements were made in the course of rendering professional services as a psychiatrist or, stated otherwise, whether plaintiff, in reply to the inquiry of Dr. Prastka, was rendering a professional service in his practice of psychiatry. The issue on appeal is whether, under the circumstances of the case, determination of the coverage of the policy involves a question of law or of fact. In response to this issue defendant contends, in substance, the question is one of law which must be determined by this court; and plaintiff contends the question is one of fact, the determination of which by the trial court controls if its conclusion is supported by substantial evidence. We agree with plaintiff.

The evidence supports the conclusion Dr. Prastka, through the telephone conversation initiated by him, sought an evaluation by plaintiff, as a psychiatrist, of the hospital facilities available to care for a specific although unidentified psychiatric patient; that plaintiff gave Dr. Prastka his evaluation based on his knowledge, as a psychiatrist, of the requirements of such a hospital, and on his knowledge, through experience as a psychiatrist, of the available hospitals

meeting such requirements; that the facilities of such hospitals were discussed; that plaintiff's evaluation was solicited because he had experience as a psychiatrist with such hospitals whereas Prastka did not have such experience; that another doctor had questioned the adequacy of the hospital operated by Dr. Day to care for a psychiatric patient; and that the conversation in question constituted a consultation between two psychiatrists about a subject directly connected with the practice of their profession.

■ There was expert testimony from several psychiatrists called by plaintiff as witnesses that the conversation in question constituted a consultation; discussions respecting the availability of psychiatric hospital facilities are within the area of consultation; the fact no fee is charged by the doctor being consulted is not significant; the identity of the patient of the doctor seeking the consultation need not be disclosed; knowledge of hospitals where psychiatric treatment may be administered is important to the practicing psychiatrist; and plaintiff was rendering a professional service at the time of the conversation in question. The testimony of psychiatrists was properly considered in determining whether plaintiff's conversation with Dr. Prastka constituted a professional service rendered in his practice of psychiatry. The subject policy was written by defendant for and sold to psychiatrists. Both parties to the contract intended the meaning of the language used to describe the coverage should be the meaning of such language as used by psychiatrists. Applicable to the situation at hand is the rationale of the rule that the meaning of language in a contract involving a particular trade is determined by the trade use of that language. (Code Civ. Proc., § 1861; *Coughlin* v. *Blair,* 41 Cal.2d 587, 605 [262 P.2d 305]; *Ermolieff* v. *R.K.O. Radio Pictures, Inc.,* 19 Cal.2d 543, 550 [122 P.2d 3]; *Alta Planing Mill Co.* v. *Garland,* 167 Cal. 179, 182-183 [138 P. 738]; *Higgins* v. *California Petroleum etc. Co.,* 120 Cal. 629, 631 [52 P. 1080]; *Paramount Television Productions, Inc.* v. *Bill Derman Productions,* 258 Cal.App. 2d 1, 10-13 [65 Cal.Rptr. 473]; *Alperson* v. *Mirisch Co.,* 250 Cal.App.2d 84, 90 [58 Cal.Rptr. 178]; *Associated Lathing etc. Co.* v. *Louis C. Dunn, Inc.,* 135 Cal.App.2d 40, 47 [286 P.2d 825].)

"The basis of this rule is that . . . to ascertain the true intent of the parties, it may well be said that the usage evidence does not alter the contract of the parties, but on the contrary gives the effect to the words there used as intended

by the parties." (*Ermolieff* v. *R.K.O. Radio Pictures, supra,* 19 Cal.2d 543, 550; see also *Ferris* v. *Emmons,* 214 Cal. 501, 505-506 [6 P.2d 950].)

Defendant contends the service rendered by a psychiatrist in his practice of psychiatry is limited to psychiatric treatment. The policy does not contain any such limitation. In *Maier* v. *United States Fid. & Guar. Co.,* 133 Colo. 571 [298 P.2d 391, 393], a case cited by defendant, which concerned the insured's obligation under a policy similar to that in the case at bench, the court expressed the opinion an alleged slanderous statement written upon the margin of a death certificate by the assured resulting in a slander suit against him required the insurer to defend. The slander did not occur in the course of any treatment. The defendant also contends its obligation to defend a suit for slander covers only the slander occurring between the assured and his patient and not between the assured and another psychiatrist. Again, there is no such limitation in the policy. Each of these contentions has no merit.

 The conclusion of the trial court plaintiff was engaged in rendering a professional service as a psychiatrist at the time he made the alleged slanderous statements resulting in the suit against him is supported by substantial evidence. No error of law is involved. The finding must be sustained.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.