979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VAN NESS & SPERRY, INC., et al., Plaintiffs-Appellees,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
Defendant-Appellant.
 No. 91-55659.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 2, 1992.
Decided Nov. 16, 1992.
 
 1
 Before NELSON, DAVID R. THOMPSON, Circuit Judges and LYNCH*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Van Ness & Sperry, Inc., and Sperry Van Ness--San Diego [Sperry Van Ness] appeal from the trial court's order dismissing their declaratory relief complaint against National Union. Appellants contend that the district court erred when it found that there was no potential for coverage in an underlying third party action against appellants, and therefore, no duty to defend on the part of National Union.
 
 
 4
 The National Union policy provides for coverage of a "Wrongful Act" occurring "solely in the performance of providing real estate services to others for a fee." Appellants argue that the facts alleged in the underlying action create the inference that alleged wrongful conduct on the part of Sperry Van Ness occurred in the performance of providing real estate services for others. They rely solely on a single claim in the underlying action that "defendants have also misrepresented to plaintiff's clients or potential clients that plaintiff does not cooperate with outside brokers."
 
 
 5
 The underlying suit is essentially an unfair business practices action coupled with a dispute between an employer and two former employees who allegedly violated the terms of a written promise not to compete. Besides the "defamatory" language appellants cite above, there is nothing else in the underlying complaint that appears potentially covered by the subject policy.
 
 
 6
 Appellants further argue that the possibility of amendment to the underlying action respecting a number of negligence theories creates the potential for liability under the National Union policy. Appellants are correct in citing to Gray v. Zurich, 65 Cal.2d 263, 276 (1966), and CNA Casualty of California v. Seaboard Surety Co., 176 Cal.App.3d 598, 611 (1986), for the proposition that the possibility of an amendment to an underlying complaint can implicate an insurer's duty to defend. However, those cases involved situations in which the underlying complaint could have been amended to allege a different theory of recovery, and one covered by the policy, based on the same operative facts. By contrast, appellants' tender of a defense to National Union was not rejected on the basis that plaintiff's theories of recovery in the complaint were not covered by the policy. National Union declined a defense because the company determined that the wrongful conduct alleged in the underlying complaint did not occur in the "performance of providing real estate services to others for a fee." Amending the underlying complaint to state a different theory of recovery in no way cures this bar to potential coverage. Appellants' argument, therefore, that the possibility of an amendment establishes the potential for coverage under the policy is not persuasive.
 
 
 7
 Appellants' final argument is that, in denying their tender of a defense, National Union construed the language of the policy too narrowly. They contend that National Union's restrictive construction is such that coverage will never apply unless the insureds are alleged to have directed a defamatory remark to their own client while in the process of brokering a real estate sales transaction out of which Sperry Van Ness will earn a fee.
 
 
 8
 The court determines the potential for coverage created by the underlying complaint by examining the subject insurance policy. See Gray, 65 Cal.2d at 276. Any ambiguity or uncertainty in the policy must be resolved against the insurer, because it is the insurer who drafts and controls the language of the policy. See Demonet Industries v. Transamerica Ins. Co., 234 Cal.App.3d 600, 606-07 (1991) (citing Producers Dairy Delivery Co. v. Sentry Ins. Co., 41 Cal.3d 903, 912 (1986)). However, "when the terms of an insurance policy are plain and explicit, the court will not indulge in forced or strained construction to impose liability." Inglewood Radiology Medical Group v. Hospital Shared Services, Inc., 217 Cal.App.3d 1366, 1369 (1989) (citing Watamura v. State Farm Fire & Casualty Co., 206 Cal.App.3d 369, 371 (1988)).
 
 
 9
 In the National Union policy, the insuring clause limits coverage to wrongful acts occurring "solely in the performance of providing real estate services to others for a fee." This limiting language appears clear and unambiguous. National Union thus intended to specifically exclude coverage for wrongful acts committed by its insureds in non-business pursuits. The use of the word "solely" underscores this intention.
 
 
 10
 Appellants cite the case of Geddes v. Tri-State Insurance Co., 264 Cal.App.2d 181 (1968) as support for their argument that National Union's restrictive construction of the subject policy is improper. The court in Geddes determined that the insured was clearly rendering "professional services" when he made the disparaging remark concerning the hospital and that the claim to his insurer thus fell squarely within the language of his malpractice insurance policy. Id. at 185. This is not true in our case, however, where there is no allegation that the wrongful conduct occurred "solely in the performance of providing real estate services to others for a fee." The Geddes case does not, therefore, support appellants' position.
 
 
 11
 Because there appears to be no potential for coverage under the subject policy, the decision of the trial court dismissing appellants complaint is AFFIRMED.
 
 
 
 *
 Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3